SMITH ELY v. GEORGE COOKE and others.

Where the defendant in a suit, after the commencement thereof, and previous to the trial, made an agreement with his attorneys that his costs, to be recovered in that action, were to belong to said attorneys; and after a judgment had been recovered by him, for costs, in that action, he assigned the judgment to his said attorneys; *Held* that the agreement was good and valid; that the assignment passed to the attorneys the costs and judgment; and that the plaintiff in the suit had no right to set off, against such judgment, to the prejudice of the attorneys' rights, a judgment previously recovered by him against the defendant.

When the affidavit annexed to the petition of an insolvent, in proceedings under the two-thirds act was not sworn to by him before the judge, nor subscribed by the judge prior to granting the order for the creditors to appear and show cause; *Held* that there was a fatal defect in the proceedings, which rendered the assignment and discharge void, for want of jurisdiction in the officer; and that a subsequent verification of the petition would not cure the defect.

A judgment by confession was entered upon the following statement of the nature of the indebtedness: 1. The sum of $1500 for cash borrowed of the plaintiff from time to time, for which he held the note of the defendant, dated &c. 2. That the plaintiff had assumed for the defendant the payment of $2000, for which the latter had given the former his two notes for $1000 each, payable &c. *Held* that this statement conformed to the requirements of the code.

APPEAL from a judgment of the New York Common Pleas. The action was brought to compel the defendant

Cooke to set off and allow a judgment recovered by him against the plaintiff, upon a judgment which the plaintiff had previously recovered against Cooke, to a much larger amount. The facts found by the judge who tried the cause are: 1st. That on or about the 29th day of November, 1850, the defendant George Cooke confessed a judgment in favor of the plaintiff, Smith Ely, for the sum of $3550, and that there was due thereon to the plaintiff the sum of $1555, and interest from the 15th day of May, 1851. [This confession was accompanied by the following statement of the nature of the indebtedness: "The defendant has, from time to time, borrowed of the plaintiff money, and there is now due to the plaintiff from the defendant the sum of fifteen hundred dollars for cash borrowed, for which the plaintiff holds the note of defendant, bearing date the 12th day of November, 1850, and payable six months after date. The plaintiff has assumed for the defendant the payment of the sum of two thousand dollars, for which the defendant has given to the plaintiff two notes made by said defendant of one thousand dollars each; one payable in sixty days from the 12th of November aforesaid, and the other in ninety days from said date."] 2d. That the defendant George Cooke, on the 29th day of October, 1856, recovered a judgment in the Supreme Court of this state in an action pending therein, wherein Smith Ely was plaintiff and George Cooke, Joel W. Foot and Thomas Gross were defendants, against the said Smith Ely, the plaintiff in this action, for the sum of $382.42, being for costs in that action. [That action was brought by Ely, against Cooke, Foot and Gross, to set aside a voluntary assignment made by Cooke to Foot and Gross.] 3d. That on or about the 12th day of September, 1851, the said George Cooke, as an insolvent, presented his petition to Frederick A. Tallmadge, then recorder of the city of New York, for a discharge from his debts, under the the statute commonly called the two-third act, and that such proceedings were afterwards had in said matter; that on

the· 31st day of December the said recorder granted to the
said George Cooke a discharge from his debts.    That the
affidavit annexed to the petition of .the said insolvent was
not sworn to by said petitioner before the recorder, nor sub-
scribed by the recorder prior to granting the order for the
creditors to appear and show cause why the discharge should
not be· granted.    4th. That after the commencement of the
said action, in which the judgment in favor of George Cooke
against Smith Ely was rendered, and after the answer was
put in and before any trial therein, an arrangement and agree-
ment was made between the said George Cooke and the
defendants J. & R. H. Sherwood, his attorneys in that action,
by which the costs of said defendant, to be recovered in that
action, were to belong to the said attorneys, and that after
said·judgment, and on the 6th day of November, 1856, said
George. Cooke assigned such judgment to the defendants
Sherwood.    And thereupon the said judge found as conclu-
sions of law :· 1.  That the discharge granted by the recorder
to the defendant George Cooke was void, for want of jurisdic-
tion.    2.  That the judgment in favor of Smith Ely against
the defendant George Cooke was a good and valid judgment,
subsisting against the said Cooke to the extent of $1555 and
interest.    3.  That the agreement made between the said
defendant Cooke and the defendants Sherwood, his attor-
neys, and the assignment of said judgment to them, were
good and valid, ·and passed .thereby to said defendants Sher-
wood the costs and judgments recovered therefor in favor of
the defendant Cooke against the said plaintiff Smith Ely.
4. That the plaintiff, by reason of said agreement between
the defendant Cooke and his attorneys Sherwood, in this
action, had no right to set off the amount of his said judg-
ment, or any part thereof, recovered in his favor, against
said George Cooke, against said judgment recovered in
favor of Cooke against Smith Ely.    Judgment was given,
at the special term, in favor of said Sherwoods, dismissing

complaint as to them with costs, and judgment against said George Cooke for the costs of said action. And on appeal to the general term of the New York Common Pleas the judgment as to the Sherwoods was affirmed and that as to George Cooke was reversed, and the complaint as to him was also dismissed with costs.(*a*)　The plaintiff thereupon appealed to this court.

*C. Bainbridge Smith,* for the appellant.

I. This court having held that a judgment by confession is valid as between the parties, though the statement on which it is founded is insufficient, and the court below having held otherwise, so much of the judgment of the general term reversing the judgment of the special term should be reversed. (*Miller* v. *Earle,* 24 N. Y. Rep. 110; *Neusbaum* v. *Keim,* Id. 325; see *Ely* v. *Cooke,* 2 Hilt. 406–421.)　1. The statement on which the judgment was entered is sufficient. (*Hopkins* v. *Nelson,* 24 N. Y. Rep. 518; *Neusbaum* v. *Keim,* Id. 325; *Freligh* v. *Brink,* 22 id. 418; *Lanning* v. *Carpenter,* 20 id. 447.)　2. The judgment was not in issue, and by the pleadings its validity is admitted.

II. The discharge procured by the defendant Cooke under the two-third act is void, for the defect in the affidavit above stated.　The officer who granted it acquired no jurisdiction. (2 R. S. p. 17, § 7; *Small* v. *Wheaton,* 4 E. D. Smith, 306; *Rusher* v. *Sherman,* 28 Barb. 416; *Stanton* v. *Ellis,* 16 id. 319; *S. C.,* 2 Kern. 375.)

III. The lien of an attorney for his costs is subordinate to the equities existing between the parties, and the court was bound to adjudge the set-off. (*Nicoll* v. *Nicoll,* 16 Wend. 446; *The People* v. *N. Y. Com. Pleas,* 13 id. 649; *Martin* v. *Kanouse,* 17 How. Pr. Rep. 146; 9 Abbott, 370.) 1. The code has not changed the rule.　The lien of an attor-

(*a*) See 2 Hilton, 406, S. C.

ney did not arise from any fee bills, but was established by a long current of authorities. (See 1 Abb. Dig. 346; *Rooney* v. *Second Avenue R. R. Co.*, 18 N. Y. Rep. 368.)   2. The attorney was always regarded as the equitable assignee of the judgment, to the extent of his claim for services in the action.   The conversation between one of the attorneys and the defendant Cooke, which the court below construed into "an arrangement and assignment" of the costs to be recovered, transferred to the attorneys no greater interest than the law conferred without such an arrangement and aggreement. (*Wilkins* v. *Batterman*, 4 Barb. 47; *Nicoll* v. *Nicoll*, 16 Wend. 446.)   3. The plaintiff's judgments existed at the time the suit was commenced, on which the defendant Cooke recovered his judgment for costs.   The attorneys had notice of the plaintiff's judgment—1st, the costs of the defendant were in the discretion of the court; 2d, and the court, in awarding them, reserved to the plaintiff the right of set-off; 3d, the costs did not exist until they were awarded, and at that moment the right of set-off attached. (Code of Procedure, § 306; *Travis* v. *Waters*, 12 John. 500.)   4. The defendants Sherwood took the costs and the judgments in favor of the defendant Cooke, like any other assignors of a chose in action, subject to all the equities which existed against them in the hands of the assignor, "*including the equitable right of set-off, if any such right existed against the assignor.*" (*Gay* v. *Gay*, 10 Paige, 369.)   5. The right of set-off is a statutory right, and the plaintiff's right to set off can not be defeated by any secret agreement between the defendant and his attorneys. (*Nicoll* v. *Nicoll*, 16 Wend. 446; *Martin* v. *Kanouse*, 17 How. Pr. R. 146; *Simson* v. *Hart*, 14 John. 63.)

IV. It is submitted that the judgment should be reversed and a new trial granted, or that the rights of the parties be determined by the court without a new trial.

N. Y. R.—28.                    24

*H. A. Cram*, for the respondents.

I. The right to set off judgments, whether on motion or by bill, is a merely equitable right. "On a bill filed, the ground on which relief is granted is the equitable control which the courts are authorized to exercise over the parties and proceedings in causes before such courts, to prevent injustice." (Per CHANCELLOR in *Dunkin* v. *Vandenbergh*, 1 Paige, 623.) There is no provision of the statute of set-off providing for a set off in this case. There is not a single clause that authorizes it. The notion that it is a statutory right is a groundless error.

II. The right of set-off of judgments is not superior in equity to the equity of the attorney's lien; and to allow the set-off does "not prevent," but does injustice. The King's Bench in England would not allow the right of set-off to prevail over the attorney's lien. Nor would the court of chancery in this state. (*Dunkin* v. *Vandenbergh*, 1 Paige, 623.) The English Common Pleas having followed a different rule, all the English courts, by a rule binding on all the courts, in 1832, agreed to protect the attorney's lien as paramount to the right of set-off. (*The People* v. *N. Y. Com. Pleas*, 13 Wend. 650; *Nicoll* v. *Nicoll*, 16 id. 446.)

III. In this case there is a still higher equity, which renders the preceding points immaterial, viz. a valid contract made between the attorney and client before the costs are earned, the consideration of which on one side is the service to be rendered, and on the other side the right to the costs. The costs, as soon as earned, become by the contract the property of the attorney, and never having been the property of the client, no set-off could or ought to be made of a judgment against the client; the client has never had any interest in the judgment. Surely, to allow the set-off in face of such a contract would do, and not "prevent," injustice. (See *Robbins* v. *Alexander*, 11 How. 106.) That the contract was valid, see 2 Sand. 141; and 1 E. D. Smith, 318.

IV. The judgment in the case of *Ely* v. *Cooke* can not be set off against a judgment for costs in the case of *Ely* v. *Cook, Foot and Gross.* Upon the records in the two cases, the debts are not mutual or due to and from the same persons. (*Barber* v. *Spencer,* 11 Paige, 517; *Dale* v. *Cooke,* 4 John. Ch. 11; *Wolfe* v. *Washburn,* 6 Cowen, 261; *Warner* v. *Barker,* 3 Wend. 400.)

V. The judgment by confession against George Cooke is void, because the statement necessary to authorize the entry of judgment by confession without action is clearly insufficient. The first part of the statement omits to set forth the dates or amounts or particulars of cash borrowed. The fact that a note was given, does not obviate the difficulty. (*Chappel* v. *Chappel,* 2 Kern. 215; *Neusbaum* v. *Keim et al.,* 24 N. Y. Rep. 329, 30.) The second part is still more uncertain, in not showing whether any debt is due by the defendant to the plaintiff, in omitting dates and amounts, and in omitting to show how, when or where any debt was assumed by the plaintiff.

VI. This question is jurisdictional, as there is no control by the court over this statutory proceeding without action, until a valid judgment is entered, when the court acquire for the first time jurisdiction by virtue of their control over their own judgments. Such a judgment is not merely irregular; it is void. The statement must be sufficiently full and accurate to conform to the statute. "It constitutes a condition precedent to the right of the party to confess the judgment." (*Dunham* v. *Waterman,* 17 N. Y. Rep. 14.) The defendants Sherwood may raise the objection as creditors of Cooke, and Cooke himself may raise the question as one of jurisdiction. There is no proof of the *bona fides* of the judgment, as in the cases of *Neusbaum* v. *Keim,* and *Miller* v. *Earle,* (24 N. Y. Rep. 325.)

VII. The insolvent's discharge is not void. The proof of the manner of taking the affidavit is not sufficient to authorize the finding of the fact; and the plaintiff's part of the

judgment obtained at special term was reversed at general term. The finding in that respect is, therefore, not conclusive.

DAVIES, J. If the plaintiff is not entitled to the set-off claimed, upon the facts found, it is of no importance, so far as the defendants Sherwood are concerned, to consider the other questions raised, namely, whether the plaintiff has or has not a valid judgment against Cooke, and whether the discharge of Cooke under the insolvent laws was void or not.

Assuming the judgment to be valid, and the discharge void, the plaintiff clearly would be entitled to no relief in this action against the defendants Sherwood, if the conclusion of law of the judge is correct, viz. that the agreement made between Cooke and the Sherwoods was good and valid, and the subsequent assignment of that judgment by Cooke to them passed to them the said costs and judgment. If we adhere to the case of *Rooney* v. *The Second Avenue R. R. Co.*, (18 N. Y. Rep. 368,) there would not seem to be much doubt upon this subject. In that case it had been agreed between the plaintiff and his attorney, that the latter should commence and prosecute that action to its final termination, without fee and at his own risk, and upon his final success, he should receive for his services one half of the recovery, and if the amounts should not exceed $600, he was also to have the taxable costs. The plaintiff gave the attorney an irrevocable power of attorney to receive the amount of the recovery, and this court held that the attorney had a lien upon the judgment recovered by him, for his services. That the legal measure of these services was the taxable costs, so that it always happened that the extent of the lien was equal to the costs recovered in the action. And cases were cited showing that to this extent the attorney was regarded as the equitable assignee of the judgment. Judge HARRIS, in his opinion, says, that the principle upon which the right of the attorney to the protection of his lien had been sustained is

certainly unaffected by the code.    As in other cases of lien,
the attorney is protected, because it is by his labors and skill
that the judgment has been recovered.    In that case, the
agreement between the attorney and his client was sustained ;
thus holding that the attorney, independent of any agree-
ment, had a lien upon the judgment recovered, for his costs,
to the extent of the amount thereof, but that it was compe-
tent for the attorney and client to fix a larger or different
amount of compensation ; and the right of the attorney,
under such agreement, would be protected.    That case is
therefore an authority directly in point to sustain the judg-
ment rendered in this action.    The agreement made here is
a fact established in this case, and it can be decided on that
ground, independent of the question of lien of the attorney
for costs, as such.    Here the attorney was to have·the whole
amount of the recovery, as his compensation for carrying on
the defense to the action prosecuted by this present plaintiff,
to set aside Cooke's assignment.    It was lawful to make such
an agreement.    It was based upon a good consideration,
namely, services rendered and to be rendered in the defense of
that action.    After such agreement was made, Cooke ceased
to have any interest in the recovery in that action.    Whatever
judgment he should recover therein, of right belonged to the
defendants Sherwood, and not to the defendant Cooke.    In
executing to them the assignment of November 6, 1856, he did
but do what in equity he would have been compelled to do.
The plaintiff has therefore no legal or equitable claim to have
this judgment, which, although recovered in the name of
Cooke, did not in·fact belong to him, nor had he any interest
therein, applied in reduction of the debt which Cooke owes
to him, upon his judgment.    The judgment, therefore, of
the New York Common Pleas was in all respects correct, and
should be affirmed with costs.    But the judgment of the
general term reversing that of the special term, against the
defendant Cooke, must be reversed, and the judgment of the
special term against him affirmed with costs.    The plaintiff's

judgment against him was valid, and in all respects a compliance with the provisions of the code. The statement conforms to its requirements, and the assignment and discharge of the defendant Cooke were void, for the reason that the recorder had no jurisdiction of the proceedings. There was a fatal defect in these proceedings, in that the affidavit annexed to the insolvent's petition was not sworn to by him before the recorder, nor subscribed by the recorder, before granting the order for the creditors to appear and show cause. The subsequent verification of the petition did not cure this defect; and the special term of the Common Pleas, therefore, correctly held the discharge to be void. The plaintiff was entitled, therefore, to a judgment against the defendant Cooke, declaring such assignment and discharge void, and for the amount due to him.

BALCOM, J. read an opinion in favor of reversing the judgment appealed from, and for a new trial.

All the other judges concurring with DAVIES, J.

Judgment affirmed as to the defendants J. & R. H. Sherwood, and reversed as to the defendant Cooke; and the judgment of the special term against him affirmed with costs.