By the Court.—Sedgwick, J.
On Febuary 19th, 1866, the defendant Chester, "by assignment of Reed, he- *229 came the owner of a judgment for $1,545, in favor of Reed, against Eussbaum. After that jugment had been obtained, Reed brought another action against Eussbaum. Eussbaum appeared by a firm of attorneys, of whom the plaintiff here was one. Before judgment was entered in the second action of Reed against Eussbaum, the latter assigned to the present plaintiff all his interest in or right to any costs in the action or which might accrue or belong to him by reason of any judgment in the action, and to all costs that might thereafter be recovered in his name.
We observe that as Eussbaum was defendant, interposing no counter-claim, any judgment he might have would be wholly for costs.
In such action Reed’s complaint against Eussbaum was dismissed, and Eussbaum nominally had judgment for the costs. From this judgment, appeals were taken to the General Term, and to the Court of Appeals. The judgment was affirmed on both appeals, and in each, Eussbaum nominally had judgment for his costs of appeal. The defendants in the present action were the sureties in the undertaking given on behalf of Reed, in each of the appeals. The judgment of the Court of Appeals was made the judgment of the court below, on May 30th, 1871. On the 3d of July, 1871, the partner of the present plaintiff, they two composing the law firm that appeared as attorneys for Eussbaum, assigned his interest in the costs and judgments nominally obtained by Eussbaum, and Eussbaum also assigned all his interests and rights under the undertaking to the plaintiff.
The plaintiff brings this action against the defendants on their liability upon the undertaking entered by them to pay the judgment of the Court of Appeals, in case of .affirmance, etc.
The defence made to that action is that the defendant Chester has a right to set off the judgment against Eaussbaum owned by him against his (Chester’s) liabil *230 ity on the undertaking. It is not a question made by the plaintiff here, as to whether, if the offset be valid in favor of Chester, it also extinguishes any liability of defendant Gilbert on the undertaking.
On the trial of the action, the court directed a verdict for the defendants, and stayed judgment thereon, until the exceptions were heard in the first instance at General Term.
On the argument of this appeal, the appellant specifically rested his right to a setting aside of the verdict, on the position that the plaintiff, as one of the attorneys appearing for Bussbaum, the other of the attorneys having assigned his interest in the costs to the plaintiff, had an attorney’s lien for. the costs on the judgment obtained by Bussbaum nominally, and that claim or lien could not be offset, by a judgment obtained against Bussbaum.
The authorities are against the proposition. Nicoll v. Nicoll (16 Wend. 445), and the cases cited in the note to it, are decisive that in an action, a right to a set-off is absolute, given by statute, of which the party entitled to it cannot be deprived. Whether it may be otherwise upon a motion, when a court may exercise discretion in imposing terms, is not material here, as "here the off-set is claimed in an action.
But I do not see that at the time the sureties became liable on the undertaking, which is the point when Chester, as one of them, had a right to set off his judgment, the plaintiff had an attorney’s lien upon the judgment obtained by Bussbaum nominally.
In Ely v. Cooke (28 N. Y. 373), an attorney made with his client, a defendant in an action, before judgment was entered in it, an oral agreement that he, the attorney, should be entitled to all the costs the client might recover in the action. The client did recover a judgment for costs. The Court of Appeals held, that by virtue of the oral agreement, the attorney became the owner of the judgment for costs when it was obtained, and that *231 the client was never the owner thereof. Likewise the-plaintiff here, through his agreement with Nussbaum, became the owner of the judgment had in Nussbaum’s name for costs. The same may be said of the plaintiff’s law partner, for although the assignment was taken in ¡ the name of one, it was for the benefit of both by operation of law. The plaintiff or his partner, one or both, being owner of the judgment for costs, could not have a lien upon what Avas their own.
We have no’w considered the only point that the plaintiff requested the court to examine and pass upon on the decision of this appeal. We think the exception based upon it, made on the trial; is not sound, and that the defendants should have judgment on the verdict, with costs.
Van Voest, J., concurred.