## LADD & BUSH *v.* FERGUSON AND McFADDEN.

### COSTS—SET-OFF—JUDGMENT—ASSIGNMENT.

Where a judgment has been obtained against a sheriff for the possession of property wrongfully seized and detained by him, under process, and for costs of the action, the plaintiffs in such process are not entitled, in equity, to set-off against such judgment for costs, a judgment held by them against the party recovering such judgment against the sheriff, although they have indemnified the sheriff for such seizure and detention.

A written assignment of the costs and disbursements to be recovered in such action, executed before the entry of judgment, by the plaintiff therein to his attorney, in consideration of professional services rendered in such action, is valid, and would prevent any right of set-off from attaching, if such right could otherwise have been made available.

APPEAL from Benton. The facts are stated in the opinion.

*John Kelsay and M. S. Woodcock*, for appellants.

A purchaser and assignee of a judgment for a valuable consideration, and without notice, takes it subject to the right of set-off between the parties. In this case, the assignee had notice. (Freeman on Judgments, secs. 127, 128; 23 Cal., 596, 626; 13 Wis., 534; Watt on Set-Offs, p. 394, sec. 362, and note; *Id.* p. 178, 179.)

Where a person purchases a judgment after verdict, and before judgment is entered, it is *pendente lite*, and he takes it with notice. (Watt on Set-Offs, p. 388 and note.)

An assignee of a future judgment takes it subject to the equities existing between the parties, and with notice of all that the record and proceedings in the action disclose. (Freeman on Judgments, sec. 425; 23 Cal., 626; 2 Cal., 507; 13 Wen., 647, 654, 655.)

The insolvency of Ferguson is an equitable ground of set-off, which cannot be diverted by assignment. (16 Iowa, 204; 23 Cal., 628, 629; 26 Texas, 305, 306.)

*John Burnett and W. S. McFadden*, for respondents.

Sol. King was the real and only party defendant in the action of *Ferguson* v. *King*; the action of replevin only lies against the party in the actual possession of the goods. (See 134, Wells on Replevin; 3 Sandf., N. Y., 707.)

If the appellant, King, were allowed in this way to take advantage of his own wrong (and through him, appellants, Ladd & Bush), the practical effect would be to defeat the purposes of the exemption law. (Code, p. 164, sec. 279; 18 Cal., 388; 7 B. Mon., Ky., 586; 32 Renna., 82.)

Independent of the authorities cited, the appellants have no equitable standing in this court, for the reason that the judgment in the case of *Ferguson* v. *King* cannot be set-off against the judgment of Ladd & Bush. Upon the record in the two cases, the debts are not mutual, or due to and from

the same persons. (11 Paige, 517; 4 John. Ch., 11; 6 Cow., 261; 3 Wend., 400.)

Even if appellants had an equitable set-off, it could not be allowed, where it would infringe on another right of equal grade. (2 Watts, 228.)

An assignment made by a party to his attorney of a verdict, and the judgment to be entered upon it, to pay the attorney for his services in the action, is upon a good valid consideration. (8 How., 319; 9 How., 16.)

By the Court, Watson, J.:

The appellants brought this suit in the circuit court for Benton county, to have a judgment in favor of Ladd & Bush against Ferguson set off against a judgment in favor of Ferguson against King, for costs. The facts disclosed by the pleadings and stipulation of parties filed in this cause were these:

Ladd & Bush commenced an action in the circuit court for Benton county, against Ferguson, to recover money, and caused an attachment to issue and to be placed in the hands of King, as sheriff of that county, with a request that he should levy it on certain personal property belonging to Ferguson. This he did, but Ferguson claimed the property as exempt from execution, and demanded its release. King, however, upon the request of Ladd & Bush, retained possession of the property, under the writ, and refused to release it. Ferguson brought an action for its recovery, in the same court, against King alone, and obtained a verdict therefor on April 17, 1879, upon which judgment was duly entered on the following day, for the possession of the property, and costs of action, taxed at fifty-five dollars and five cents. Ladd & Bush also recovered judgment in their action against Ferguson, on April 15, 1879, for one hundred and fifty-three dollars, and twenty dollars attorney's fee, and costs, which was duly entered in the judgment lien docket of said court the same day.

The respondent, McFadden, was an attorney-at-law, and in

his professional character represented Ferguson in both of said actions.    Previous to his retainer, Ferguson agreed that he should have for his services whatever costs might be recovered in the action against King.    After the verdict, but on the day previous to the entry of judgment thereon against King, Ferguson executed to McFadden a written assignment of the costs and disbursements he might recover under such judgment, in consideration of his services rendered in said actions.

With the exception of such exempt property, Ferguson was without means, and wholly insolvent; and the judgment of Ladd & Bush is still wholly unpaid.

Upon this state of facts, the court below made a decree dismissing the suit, and for costs and disbursements to respondents, and from this decree this appeal has been brought.

The appellants claim that Ladd & Bush are the real parties in interest in the judgment against King, and that the assignment to McFadden is subject to their right of set-off, both of which propositions are controverted by respondents.

We will examine each briefly in its order.    It is admitted that real parties in interest, although not nominal parties, are entitled, in equity, to the benefit of set-off, to the same extent as they would be if nominal parties.

In this case Ladd & Bush are not parties nominally to the judgment against King.    At the most that can be claimed for them, they may be held to have indemnified King against any damage or loss he might sustain by reason of the seizure and detention of Ferguson's property.    Their request that King should do so, and his compliance therewith, in good faith, notwithstanding Ferguson's claim that the property was exempt from execution, would create an implied contract of indemnity of this character.    (2 Hilliard on Torts, 227, 228; *Weld* v. *Chadbourne*, 37 Me., 221; *Shriver* v. *Harbaugh*, 37 Penn. St., 399.)

But Ferguson had a good and complete claim against King alone, and if it had been possible for him to join Ladd & Bush

in his action to enforce it, it was not necessary, and he did not see fit to do so, but brought his action and prosecuted it to final judgment against King alone.

The claim of Ferguson for the possession of this property, against King, based upon an unlawful taking and detention by him, was in no sense a claim against Ladd & Bush, and neither is the judgment obtained upon that claim for the possession of the property and the costs, in the controversy here, a debt of Ladd & Bush due Furguson or his assignee, either in form or substance.

They do not owe this debt, either as real or nominal parties, to Ferguson or his assignee, and there is no method by which it can be asserted against them, or made a charge upon their property. They are utter strangers to this judgment and the debt it represents.

Their contract of indemnity with King is wholly collateral to this judgment. It does not even appear from the record that they are conclusively bound by it to indemnify King. They were not parties to the action in which it was obtained, and they did not appear, and were not notified to appear, so far as the record shows, and defend it. They are still at liberty to contend, if they wish, and prove, if they are able, that the property was rightfully levied upon and held by King under the writ, or maintain any other defense, in an action by King against them on their implied contract of indemnity, notwithstanding the judgment that has been recorded against King. (*Gist* v. *Davis*, 2 Hill's Ch., 335; Freeman on Judgments, sec. 184; *Satterlee* v. *Ten Eyck*, 7 Cowan, 480.)

We do not think that Ladd & Bush are in any sense parties to this judgment against King, or that their being King's indemnitors gives them any right to the set-off which they contend for.

Upon the second proposition, we are satisfied to hold in accordance with the doctrine laid down in *Rooney* v. *Second Avenue R. R. Co.*, 18 N. Y., 368; and *Ely* v. *Cook*, 28 N.

Y., 365. These cases sustain such assignments of costs as is shown in this case, and the right to set-off does not attach as against them.

It is the opinion of the court that there is no error in the decree appealed from, and it must, therefore, be affirmed.

Decree affirmed.