McAdam, C. J.
The right of set-off is a sort of natural equity that cross demands should compensate each other by deducting the less from the greater, that,the difference between the two may be regarded as the debt. The first question that arises, therefore, is whether it is equitable (all things considered) that the. set-off pleaded by the defendant Moore should be allowed against the demand in suit; and this involves two other considerations:
First. Whether the peculiar right or equity sought to be enforced ought to be satisfied by the defendant without resort to the set-off attempted. (2.) Whether the set-off pleaded is entitled to be made available against the demand in suit. The action is upon an undertaking executed in an action wherein one Thomson was plaintiff and Kearney defendant. The defendants herein are the obligors on that undertaking, The condition of the undertaking is to pay *716 all costs which might be awarded to the defendant in that action. The defendant in that action succeeded in recovering two judgments against the plaintiff therein which aggregate $137.07. This action is brought by the plaintiff' to recover the amount of those costs. The plaintiff was the attorney for Kearney in the original action, and, upon being retained, he agreed with his client that the costs to be awarded in the action were to belong to the plaintiff as his compensation for services to be rendered in the defense thereof. Such an agreement is valid, made the plaintiff the owner of the judgment for costs, and of all securities for their payment, and effectually defeats any right of.set-off, which the defendant Moore, as one of the sureties, might otherwise have made against Kearney, the judgment debtor. Ely v. Cook, 9 Abb. Pr., 366, affirmed 28 N. Y., 365; Roberts v. Terry, 38 id., 107.
Second. The evidence of the defendant Moore and the interlocutory decree made in the supreme court action, wherein defendant Moore is plaintiff and Kearney defendant, show that the claim sought to be set-off is for moneys advanced to Kearney on joint and partnership transactions, respecting w hich an accounting is now proceeding in that court. The accounts have not been fully stated, nor has any balance been found due to either party litigant. The undetermined balance due can be determined only when that accounting is concluded, and cannot be anticipated by this court for the mere purpose of set-off, nor does it necessarily follow that the accounting, when concluded will show a balance owing to the defendant Moore. The rule in regard to set-off is at times enlarged, when necessary to prevent injustice, but it is never extended beyond strict legal limits when the extension will work in justice to a plaintiff possessing a superior equity needing protection. It follows that the set-off pleaded cannot be allowed, and that the plaintiff is entitled to judgment, with costs.