### *EX PARTE* WELLS.

#### *IN RE* LATIMER v. LATIMER.

1. CIRCUIT JUDGE'S REVIEW OF PRIOR DECREES—PARTIES NOT BEFORE THE COURT.—One Circuit Judge has no revisory power over the judgments

previously rendered by another Circuit Judge in the same cause, so far as it affects parties then before the court, but may decree that a prior order setting off two judgments against each other does not affect the interests of an assignee of a portion of one of these judgments who was not before the court when the set off was ordered.

2. MOTION—EVIDENCE.—Prior pleadings and proceedings are before the court at the hearing of a motion in the cause where the notice of motion refers to them as a part of the evidence upon which the mover relies.

3. JUDGMENT—ASSIGNEE—NOTICE.—The assignee of a portion of a judgment is not thereafter a stranger to the record, but has an interest, which cannot be disposed of by any legal proceeding without giving to such assignee his day in court.

4. APPEAL—NEW QUESTIONS.—Whether a petition in a cause is the proper mode of obtaining the relief demanded, will not be ‹ onsidered in this court, where this question was not raised nor considered on Circuit.

5. JUDGMENTS—ASSIGNEE—SET OFF.—With a judgment on record by A against B, B employed attorneys to prosecute an action against the executors of A, promising to pay to these attorneys for their services one-tenth of the recovery, and after judgment obtained, endorsed upon the execution an assignment of the one-tenth as promised. *Held*, that the court should not set off these two judgments against each other without protecting the rights of these attorneys by reserving from the set off the one-tenth of the latter judgment which had been assigned to them.

Before WITHERSPOON, J., Greenville, April, 1894.

Petition by George G. Wells and James L. Orr, late partners as attorneys at law, under the firm name of Wells & Orr, in the cases of Sullivan *v.* Parkins and Latimer *v.* Latimer.

*Messrs. Earle & Mooney*, for appellants.

*Messrs. Cothran, Ansel & Cothran*, contra.

April 4, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. It seems that Hewlett Sullivan, as plaintiff, recovered a judgment in the Court of Common Pleas for Greenville County, in this State, for $2,121.05 and costs, against C. A. Parkins, P. D. Huff, John H. Latimer, and James H. Latimer, as defendants. Subsequently the said Hewlett Sullivan departed this life *testate*, and Joseph B. Latimer and John H. Latimer qualified as the executors of his will. There-

after James H. Latimer, as plaintiff, brought his action against the said Joseph P. Latimer and John H. Latimer, as executors of the will of Hewlett Sullivan, deceased, to recover what was due him for services rendered to said Hewlett Sullivan in his lifetime, in the Court of Common Pleas for Greenville County, in this State. The said plaintiff, James H. Latimer, employed the law firm of Wells & Orr, composed of George G. Wells and James L. Orr, as his attorneys, to institute and maintain his said suit, paying them a small retainer, and agreeing to give them ten per cent. of his recovery in said suit as their compensation as his attorneys. James H. Latimer, as said plaintiff, recovered judgment against the said Joseph P. and John H. Latimer, as executors as aforesaid, for the sum of $1,825.03 and costs. The said attorneys, Wells & Orr, knew of the said judgment in the case of Hewlett Sullivan against C. A. Parkins *et al.* As soon as judgment was entered up and execution issued in the case of James H. Latimer against Joseph P. and John H. Latimer for the $1,825.03 and costs, the said James H. Latimer entered an assignment of ten per cent. of said recovery to said Wells & Orr, on the execution lodged in the sheriff's office.

The said Joseph P. Latimer and John H. Latimer, as said executors, intervened by petition to have the judgment of James H. Latimer against them, as executors of Hewlett Sullivan, deceased, for $1,825.03 and costs, paid by operation of law, by setting off against said judgment, the judgment for $2,121.05 and costs, recovered by their testator against James H. Latimer, along with C. A. Parkins and others. On their motion a rule was issued by Judge Izlar and served upon the said James H. Latimer, requiring him to show cause why one judgment should not be set off against the other; but no notice was given to Wells & Orr of such proceedings. Judge Izlar passed an order, dated 15th July, 1893, containing this provision, amongst others: "It is, therefore, ordered and adjudged, that so much of the judgment entitled Hewlett Sullivan *v.* James H. Latimer and others for the sum of $2,121.05 and costs, as will satisfy the judgment of James H. Latimer *v.* Jos. P. and John H. Latimer, as executors of the will of Hew-

lett Sullivan, deceased, be set off against the latter, and that the former judgment be satisfied *pro tanto*."

Thereafter, about the 14th March, 1894, Wells & Orr each made affidavits, setting forth substantially the foregoing facts, and caused the following notice to be served upon Joseph P. Latimer and John H. Latimer, as executors of Hewlett Sullivan, deceased: "Please to take notice that on the annexed affidavits [affidavits of George G. Wells and James L. Orr] and all the records and proceedings in the above entitled cause, we will move the court on the fourth day after service upon you, exclusive of the day of service, or as soon thereafter as counsel can be heard, for an order modifying the order of his honor, Judge Izlar, of date July 15th, 1893, setting off the two judgments named in the caption [the same as is set out in the caption to this opinion], so far as the same affects the interest of ten per cent. on said last named judgment [$1,825.03 and costs], previously assigned to Wells & Orr, and also the costs of said last named judgment. And for such other relief as may be just." The petition of Wells & Orr came on to be heard before his honor, Judge Witherspoon, at the spring, 1894, term of the Court of Common Pleas for Greenville County, and after hearing argument on both sides of the controversy, he decided, in effect, that Judge Izlar's order should be so modified that the ten per cent. of the recovery in judgment for $1,825.03 and all the costs should be excepted from the operation of Judge Izlar's order, dated the 15th day of July, 1893.

From this order Joseph P. Latimer and John H. Latimer, as executors of the last will of Hewlett Sullivan, deceased, now appeal on the following grounds: 1. Because his honor erred in reversing the order of Judge Izlar and in modifying the same. 2. Because his honor erred in modifying the order of Judge Izlar without having the report of the master and the accompanying testimony before him upon which said order was based. 3. Because his honor erred, after final order, in opening the same, and changing the terms thereof, on motion of petitioners, who are strangers to the record; and in not holding that the rights, if any, of the petitioners should be enforced by a direct action. 4. Because, if his honor had jurisdiction to open and

modify the order of Judge Izlar, the motion for that purpose should have been predicated upon a rule duly issued and served upon the respondents to show cause against it.   5. Because his honor erred in not holding that the assignees of a judgment take it subject to all equities in favor of the judgment debtor, including the right to set off one against the other.   6. Because his honor erred in not holding that Wells & Orr, having taken the assignment of the judgment of Jas. H. Latimer *v.* J. P. and J. H. Latimer, as executors of Hewlett Sullivan, deceased, with full notice of the judgment of Hewlett Sullivan *v.* C. A. Parkins and others, held the same subject to the rights of the respondents to set off the latter judgment against the former.   7. Because his honor erred in not holding that an assignment of a part of a judgment without the consent of the judgment debtor cannot affect him, and in not holding that the assignee of a part of a judgment will not be permitted to obtain the process or order of the court for its collection.

(1) We do not see that the Circuit Judge erred in the matter embodied in the first exception.   When it is considered that Judge Izlar, by his order, disposed of property duly assigned to Wells & Orr, without giving them an opportunity to be heard, it was practically closing the door of the court of justice upon them.   It does not help Wells & Orr that this was unintentional on Judge Izlar's part; that no one called his attention in any way to the assignment by James H. Latimer to them of one-tenth interest in that judgment.   The fact that ignoring the rights of Wells & Orr was unintentional on the part of Judge Izlar, it seems to us, strengthens their claim to the relief they seek.   It is very evident that appellants rely upon what is generally true, that one Circuit Judge has no revisory power over the acts of other Circuit Judges; as it is frequently expressed, you cannot appeal from one Circuit Judge to another Circuit Judge.   Unquestionably, no one who was a party to the controversy as it was presented to Judge Izlar, could obtain any reconsideration of any action by Judge Izlar before another Circuit Judge.   Such, however, is not the fact in the petition at bar.   Wells & Orr were not before Judge Izlar at all.   This is one of their grievances, that they

31—43

were not summoned to be there, that they had no notice of their rights being interfered with. This exception is overruled.

(2) Nor do we see any force in the second ground of appeal, for the very notice served upon the appellants called their attention to the fact that the pleadings and proceedings would be relied on in addition to the affidavit.

(3) We cannot say that any one who has been assigned an interest in a judgment, notice whereof is spread upon the record, need be classed among strangers to such record. It is true, that they were not parties to the record during the progress of the litigation which culminated in a judgment, but as soon as the judgment is entered of record, at once thereafter the fact is spread upon the record by the owner thereof, James H. Latimer, that Wells & Orr own one-tenth thereof. When this was done, it became necessary in all proceedings thereafter to recognize them, or to get rid of that claim in some legal way. Failing in these, it is the right of Wells & Orr to assert their rights in court against any and all comers, no matter if an *ex parte* order has been passed without notice to them, prejudicial to their rights. The glory of the law is that no one is condemned without an opportunity to be heard, nor property rights interfered with without giving the defendant "his day in court."

But appellants insist that if Wells & Orr had the right to be heard, they have pursued an erroneous practice to assert that right. In other words, that they should have pursued their right by an action instituted by them for that purpose, wherein the appellants should have been made defendants, or, as is insisted in the fourth ground of appeal, that the petitioners, Wells & Orr, should have asserted their right under a rule, instead of a notice accompanied by affidavits. Neither one of these questions appear to have been presented to the Circuit Judge nor passed upon by him, as shown by the "Case" here presented. Under the well settled rule, this court will not entertain such questions under such circumstances. Therefore, these exceptions 3 and 4 are overruled.

The 5th, 6th, and 7th exceptions present a very nice question to this court for its decision, viz: Whether, when James H.

Latimer obtained his judgment, there being already a judgment against him in effect, in favor of the very parties against whom his judgment was obtained, the right of set off of one judgment against the other did not exist in the law governing judgments, and that this right of set off could not be arrested by the assignment of such judgment by James H. Latimer? This is a serious question, and demands patient investigation. It must be admitted that the law places contracts under seal on a different plane to that occupied by obligations not under seal passed away before maturity; in contracts under seal, an assignee thereof must hold the same subject to the same rights of set off that existed in the obligee against the obligor or assignor; not so as to contracts not under seal passed before maturity. And it may be admitted that judgments being debts of record belonged to the former class. It may be, that if Wells & Orr owed all their rights to a trans-action between themselves and James H. Latimer after his judgment had been recovered, they would have experienced a great difficulty in successfully asserting their right to be re-garded as the legal owners of the one-tenth part of this judgment. But it must be borne in mind that their contract with James H. Latimer was before his judgment was obtained, and that the assignment of one-tenth interest in the judgment was only the carrying out by James H. Latimer of his previous contract. This would be delicate ground upon which we are now treading, however, if set off was recognized as a legal right, and it may be that we had better state that we do not rest our decision upon the consideration here presented pertaining to and governing legal rights to judgments.

It has been suggested by respondents' attorneys that this right to set off one judgment against another, in whole or in part, *is not a legal right but an equity*, that the circumstances of each particular case must regulate. Take this case: A obtains a judgment against B. After that judgment was obtained, A employs B to labor for him, but never having paid B for such labor, A dies, leaving a will of which D is executor. By ope-ration of law, D, as executor, owns the judgment held by A, his testator, against B. Then B demands payment of the debt

for services rendered A in his lifetime, but D, as executor, refuses to recognize such debt. B, being very poor, goes to C, an attorney, and presents his case, whereupon C, as an attorney, agrees to bring suit against D, as the executor of A, to recover such debt, if allowed ten per cent. of recovery as compensation. B accepts the proposition. The debt is put into judgment against D, as executor, and B, like an honest man, assigns one-tenth of the judgment to C as his compensation. Now, the respondents insist that this right of set off between the judgments being an equity depending for its enforcement upon equity and good conscience, will not be so enforced in a court of equity as to deprive the laborer of his hire, but that the Circuit Judge sitting as a chancellor will protect the assignment of the attorney.

We are not left in doubt on this subject in this State. For Mr. Justice McIver, in delivering judgment in the case of *Simmons* v. *Reid*, 31 S. C., 392, thus stated this matter: "Yet it is undoubtedly true, that an attorney has an equitable claim to be paid for his services out of the judgment he has recovered for his client; and the court, in a proper case, especially in a matter addressed to its discretion, will always recognize such a claim, as is said in the case of *Puett* v. *Beard*, 86 Ind., 172; s. c., 44 Am. Rep., 280. The right to set off one judgment against another is purely equitable, and only allowed when good conscience requires it, and good conscience is far from requiring that an attorney's claim for services rendered in securing the judgment, should yield to the claim of those holding rights adverse to their client. It appears to have been made [the assignment of the judgment to the attorney] in pursuance of an agreement entered into at the time the action was commenced, and was doubtless the means, and possibly the only means, by which the plaintiff obtained the services of an attorney which has proved effective." Again, in this same case, the [present] Chief Justice remarked: "The jurisdiction for this purpose [setting one judgment against another] is purely equitable in its nature, and the application is addressed to the sound discretion of the court, * * * in which last cited case it is said that the court in exercising this jurisdiction, will

always regard the equitable rights of persons not parties to the suit.''

And to the same effect were the words of that eminent jurist (afterwards chief justice), O'Neall, in *Tolbert* v. *Harrison*, 1 Bail., 600, when he declared: "The question is whether this court is bound by legal rules to set off judgments in all cases where they are in the same right. It is clear that it is not. The authority of the court is not derived from the statutes of set off, but depends upon the general jurisdiction of the court over the suitors in it; it is an equitable part of their jurisdiction, and has been frequently exercised. * * * In *Williams* v. *Evans*, 2 McCord, 203, Judge Nott, after quoting the above remark of Judge Kenyon, said: 'If it constitute a part of the equitable jurisdiction of the court, it ought to be exercised so as to do equity and not to sanction fraud.' All applications of this kind, founded, as they are, on no positive statute or any fixed rule, which compels the court to grant them, are addressed to the discretion of the court; and even in the exercise of that discretion, even when the set off might be legally made, yet if the court sees that injustice will be done by granting the order of set off, it is uniformly refused.'' These views may be reinforced by the case of *Ely* v. *Cook*, 28 N. Y., 365; *Perry* v. *Chester*, 53 N. Y., 240; *Zogbaum* v. *Parker*, 55 *Id.*, 120; *Diehl* v. *Friester*, 37 Ohio St., 477; *Ames* v. *Bates*, 119 Mass., 399; *Herman* v. *Miller*, 17 Kan., 330.

It must be understood, however, that this court by no means intends to lend its sanction to any transactions between lawyers and their clients which are in themselves inequitable. When any application, such as that now at bar, is made to the court to respect the rights of attorneys or other persons to whom a partial assignment of a judgment, which may form a subject of legitimate set off by another judgment, has been made, such assignees must always be prepared to justify such assignments as fair, *bona fide*, and just claims. A little reflection will show that this decision in no way infringes upon the previous decisions of this court in the matter of attorney and client. Here there is an executed contract between lawyer and client, which is not contested as between them, but which is sought to be

invalidated by third parties. These exceptions must be over-ruled.

It is the judgment of this court, that the order of the Circuit Court appealed from be affirmed, and the cause is remanded to the Circuit Court.