### *EX PARTE* HIERS *IN RE* ALL v. HIERS.

1. PRACTICE—MOTION—RULE TO SHOW CAUSE—JUDGMENTS—SET OFF.—Motion in the case and rule to show cause is the proper proceeding to have one judgment set off against another. *Dicta.*

2. TORT—USURY—ASSIGNMENT.—A CAUSE OF ACTION to recover the penalty under statute for taking usurious interest, is not assignable before judgment.

3. EQUITY—TORT—JUDGMENTS—SET OFF—ASSIGNMENT—HUSBAND AND WIFE.—While the court of equity will not support an assignment of a cause of action on tort for valuable consideration before judgment, it will not deprive a wife of the fruits of her expenditures in so aiding her husband by permitting defendant to set off other judgments against husband against judgment so obtained by him.

4. CHAMPERTY—HUSBAND AND WIFE—TORT.—Wife giving to husband financial aid in prosecuting to judgment cause of action on tort, is not guilty of champerty.

Before BUCHANAN, J., Barnwell, December, 1902. Reversed.

Petition of C. M. Hiers and of T. Gertrude All, *in re* Jones H. C. All, against C. M. Hiers. From Circuit decree, petitioner, T. Gertrude All, and plaintiff, Jones H. C. All, appeal.

*Mr. I. L. Tobin,* for appellants, cites: *This proceeding is in equity, and Court may review facts:* 9 S. E. R., 1059. *The action is assignable:* 1 Ency., 1 ed., 831, 827, 835; 6 S. E. R., 290; 28 S. E. R., 151; 24 S. C., 39. *Assignment should be sustained under homestead:* 7 S. E. R., 75; 3 S. E. R., 795. *Assignment is not champertous:* 25 S. C., 599; 4 Ency. P. & P., 370; 26 S. E. R., 557; 2 McC. Ch., 388, 562; 40 S. E. R., 783; 5 Ency., 2 ed., 820; 3 Ency., 1 ed., 77. *Set off should not be allowed, because judgment was bought for that purpose:* 9 S. E. R., 1059.

*Messrs. Bellinger & Townsend,* contra, cite: *Exceptions are argumentative and should not be considered:* 19 S. C., 543; 37 S. C., 124; 45 S. C., 33. *Findings of fact cannot be reviewed here:* 2 McC., 203, 318. *Mrs. All has not excepted to Circuit order and is not properly in this Court:* 42 S. C., 166; 45 Cal., 97; 53 Cal., 742. *And Jones All now having no interest, his appeal should be dismissed:* 11 Paige, 147; 7 Paige, 18; 10 Mass., 64; 14 Mich., 88.

July 11, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. *Statement of facts.*—This is a petition by C. M. Hiers to have certain judgments set off against each other. The petition is as follows:

"1. That heretofore, to wit: on the 28th day of March, 1894, one Charles Ellis, as plaintiff, in an action in this Court between himself, as plaintiff, and one Jones H. C. All, as defendant recovered a judgment against the said Jones H. C. All as defendant therein, for the sum of $1,546.06, which judgment was entered in the office of the clerk of this Court on said 28th day of March, 1894, and enrolled in bundle 241, roll 5, reference to which it is prayed may be had by this honorable Court. That thereafter, on the 14th day of September, 1899, the said Charles Ellis, for valuable consideration, assigned, transferred and set over unto one J. M. Hiers the said judgment; and thereafter, on the 5th day of June, 1901, the said J. M. Hiers assigned, transferred and

set over said judgment, for valuable consideration, to this petitioner, C. M. Hiers. That an execution was issued out of this Court on the said judgment on the 28th day of March, 1894, to the sheriff of said county, against the property of the said Jones H. C. All, and the said sheriff, on the 3d day of April, 1894, made a return on said execution, that after a diligent search for property of said defendant, Jones H. C. All, he could find nothing on which to make a levy as in said execution commanded, and the same was returned unsatisfied. That thereafter, on October 7th, 1899, a second execution was issued out of this Court on said judgment, upon which execution there was paid on October 10th, 1899, the sum of $704.75; that nothing further has been paid on said execution and judgment, and there remains due and unpaid on the same the sum of $1,474.50, with interest from the said 10th day of October, as by reference to said record will more fully appear.

"2. That thereafter, on the 27th day of February, 1900, the said Jones H. C. All, as plaintiff, in an action in this Court between himself, as plaintiff, and this petitioner, C. M. Hiers, as defendant, recovered a judgment against this petitioner, as defendant therein, for $310.20; which judgment was entered in the office of the clerk of this Court on the 2d day of April, 1900, and enrolled in bundle 339, roll 10, reference to which it is prayed may be had by this honorable Court. That an appeal was taken from said judgment to the Supreme Court of this State by the said Jones H. C. All, the plaintiff in said action, which appeal was disposed of in said Supreme Court during the month of March, 1901, and on the 5th day of April, 1901, the remitttitur in said action from the Supreme Court was filed in the office of the clerk of this Court, certifying that the judgment of the Supreme Court in this action was that the appeal be dismissed. That the costs on said appeal have not yet been taxed by the clerk of this Court. But that said Jones H. C. All, as plaintiff therein, has caused an execution to be issued out of this Court against the property of this petitioner, to enforce the

payment of the said judgment for $310.20, with interest thereon; whch execution is now in the hands of the sheriff of said county.

"Wherefore, this petitioner prays that the judgment recovered against him by the said Jones H. C. All, in the first above mentioned action, for $310.20, with the interest due thereon, be set off and deducted from the judgment recovered by Charles Ellis, in the second above mentioned action, against the said Jones H. C. All, now the property of this petitioner, upon which the sum of                    dollars is now due, and that the clerk of this Court make proper correction on the docket of the said judgments, and for such other relief as may be just and proper."

In answer to the rule to show cause, Jones H. C. All made return as follows: "Now comes the said Jones H. C. All, respondent, and for cause shows to this honorable Court, that heretofore this respondent became largely indebted to his wife, T. Gertrude All, for money belonging to her and used by him in his mercantile business. That having failed in business, this respondent was unable to repay any portion of the said sum, amounting to over $2,000, and interest for several years. That on the 16th August, 1899, the action first above mentioned was commenced by this respondent against the said C. M. Hiers, defendant, the object of which action will appear by reference to the complaint therein. That the respondent, for the purpose of repaying the said T. Gertrude All as far as possible the money obtained from her as aforesaid, agreed to give her the benefit of any judgment which he might obtain in the said action, she, the said T. Gertrude All, agreeing to pay the costs of said action. That pursuant to said agreement the instrument of writing marked 'Exhibit A,' hereto annexed, was executed and delivered to said T. Gertrude All. That during the pendency of said action and after notice in writing of the transfer and agreement above mentioned, the said C. M. Hiers bought up several judgments against this respondent, which he attempted to use to pay the claim of the plaintiff under the pro-

visions of sec. 313 of the Code of Procedure of this State, by setting up the plea of payment in his answer. That the Honorable Judge Hudson, acting Judge, refused to sustain the said plea of payment, the said C. M. Hiers now seeks to set off the said judgment against the judgment obtained by the plaintiff in said cause, as set forth in his petition herein. That an appeal was taken by the plaintiff to the Supreme Court from the judgment mentioned, which appeal, on account of a defect in the record, was dismissed by the Supreme Court, and the judgment for $310, and interest, has been duly entered of record. That subsequently to the recovery of the said judgment and after notice of appeal, the said T. Gertrude All agreed to pay and did pay the expenses of printing papers and other necessary expenses incident to the said appeal, upon the express understanding and intention of the parties that she was the owner of the said judgment and entitled to all the benefit and advantage to be derived therefrom. That this respondent, at the time mentioned, was the head of a family residing in this State, and entitled to a homestead exemption under the laws of this State; and neither the said C. M. Hiers nor any judgment creditor of the said Jones H. C. All was prejudiced by the said transfer or agreement, for the reason that the said judgment, even if it had not been transferred, would constitute the only personal estate of this respondent, and is less in value than the personal exemption allowed him by law."

T. Gertrude All filed a petition substantially setting forth the foregoing facts, in which she asked to be allowed to intervene and interpose her rights in the premises. It does not appear that a formal order was made granting her application.

"Exhibit A," mentioned, is as follows : "The State of South Carolina, County of Barnwell. Jones H. C. All, plaintiff, *vs.* C. M. Hiers, defendant. Whereas, on the 16th August, A. D. 1899, the above named plaintiff commenced an action against the above named defendant in the Courts of Barnwell, county and State aforesaid, to recover from the said

C. M. Hiers $2,680, for a penalty or forfeiture under the laws of said State for violating the usury law of the said State—which said action is now pending in the said Court. Know all men by these presents, that I, Jones H. C. All, plaintiff in said action, for value received, do hereby transfer, assign and set over to T. Gertrude All the said cause of action, and all benefit or advantage which may grow out of the said pending action, and the judgment which may be recovered thereon, in the event that the judgment is rendered for the plaintiff in the same. Witness my hand and seal, this 2d September, 1899. Jones H. C. All [Seal]. In the presence of I. L. Tobin."

His Honor, the Circuit Judge, filed a decree granting the prayer of C. M. Hiers' petition. The decree concludes as follows: "I do not think there was any assignable interest in the right to recover the penalty for charging usury. It may be said, in a general way, that the whole right to recover for or to set up usury is largely if not entirely personal. The consideration expressed, as indicated in the return of Jones H. C. All, was prior indebtedness, and the return further says, 'the said T. Gertrude All agreeing to pay the costs of the said action.' 2 Chitty on Contracts, sec. 187, p. 1364, says: 'No assignment will, however, be upheld which involves a violation of the principles of law respecting champerty and maintenance.' In speaking of an assignment of a contract or security or other property, which is in litigation, he adds, p. 1365: 'Provided, he does not undertake to pay any costs, or make any advances beyond the mere support of the interest which he has so acquired.' See, also, Wait's Acts. & Dfs., 369. The right of Jones H. C. All was sought to be assigned while the suit of All *vs.* Hiers was pending and before judgment was obtained, and at time of said judgment, Hiers was the owner of the judgment of Ellis *vs.* All, and is now the owner thereof. There was no lawful assignment by All at the time Hiers bought the judgment of Ellis *vs.* All. I think the relief prayed for by Hiers in his petition should be allowed and permitted;

8—67

and it is ordered, adjudged and decreed, that it be allowed to offset and deduct the judgment as requested. This permission and order, however, does not extend to the matter of costs of the various officers, which in cases of this character are not to be offset."

*Opinion.*—Before proceeding to consider the questions raised by the exceptions, it may be well to state in a general way the nature of such a proceeding. In *Simmons* v. *Reid,* 31 S. C., 389, that great expounder of the law, Chief Justice McIver, uses this language: "There can be no doubt that the Court of Common Pleas has jurisdiction in a proper case and upon a proper showing to require a judgment previously obtained by a defendant against a plaintiff to be set off *pro tanto* against a judgment subsequently obtained by the plaintiff against the defendant, and there is as little doubt that this may be done by motion on a rule to show cause. *Williams* v. *Evans,* 2 McCord, 203; *Duncan* v. *Bloomstock, idem.,* 318. But it is equally well settled that this is a common law power not derived from or regulated by the statutes of set off or discount. The jurisdiction for this purpose is equitable in its nature and the application is addressed to the sound judicial discretion of the Court. In addition to the cases above cited, see *Tolbert* v. *Harrison,* 1 Bail., 599; *Low* v. *Duncan,* 3 Strob., 195, and *Meador* v. *Rhyne,* 11 Rich., 631; in which last cited case it is said that the Court in exercising this jurisdiction will always regard the equitable rights of persons not parties to the suit." The right of setting off judgments against each other is also fully discussed in *Ex parte Wells,* 43 S. C., 477, 21 S. E., 334.

The first ground upon which the decree rests is that the interest of Jones H. C. All in the claim and in the judgment which might be recovered thereon in the action then pending was not assignable. In the case of *Miller* v. *Newell,* 20 S. C., 123, the Court says: "Can choses in action on torts be assigned? Torts in their effects may be divided into two classes, to wit: those which affect injuri-

ously the estate, real or personal, of a party, and those which cause injuries strictly personal; those which survive to the administrator, and those which die with the party injured. It appears that those which affect the estate may be assigned, but those of a personal character cannot. Neither can a contract in which the personal acts and qualities of one of the contracting parties form a material ingredient in general be assigned. 2 Chit. Comt., 1364. In reference to torts, Mr. Chitty says: 'A distinction has, however, been taken between different classes of torts; those which cause injury strictly personal being regarded as furnishing no claim for assignable damages, while the contrary is held as to those from which special loss has risen to the estate of the assignor,' " citing authorities.

We find in Bliss Code Pl., sec. 38, the following: "That not even in equity was an assignment allowed of a right of action arising from a mere personal wrong, as libel, slander and injuries to the person. The injury must be to the estate, otherwise there is nothing assigned. A mere personal wrong will entitle the sufferer to redress, but his right to redress is not deemed property so as to survive." Again, at section 44, he says: "A judgment upon whatever founded is everywhere regarded as a debt, which does not abate by death and which is transferable like an ordinary contract. But the character of the demand is not changed until judgment, and an action based upon a cause of action which would not survive, will abate by death during any step of the proceeding, and the demand cannot be assigned after verdict merely." These sections are quoted with approval in the case last mentioned. In Pom. Code Rem., sec. 153, the author says: "The right given to the debtor by a statute to have bills, notes and other securities avoided or cancelled on the ground of usury, cannot be assigned." The reason for the rule that actions which do not survive are not assignable, is thus stated in section 146 of Pom. Code Rem.: "Since the title of an executor or administrator is regarded by our law as a title by assignment, it was very natural that the Courts

should consider these statutes as furnishing the criterion by which to determine what things in action are assignable and what are not assignable between living parties." While we are clearly of the opinion that the claim was not assignable until it was reduced to judgment, it by no means follows that the petitioner is entitled to have the judgments set off against each other.

In considering an agreement which was void under the statute of frauds, the Court, in the case of *Carter* v. *Brown*, 3 S. C., 298, thus states the rule correctly: "The statute does not prevent the contract from being looked into as matter of evidence for any other purpose than that of supporting an action founded upon it." This case is cited with approval in *Jacobs* v. *Ins. Co.*, 56 S. C., 558, and *Turnipseed* v. *Sirrine*, 57 S. C., 559. So in this case, although the agreement between Jones H. C. All and T. Gertrude All cannot be enforced according to its terms, the Court may, nevertheless, resort to it for the purpose of determining whether it would be just and equitable to grant the relief for which the petitioner prays, especially as this is a case addressed to the sound judicial discretion of the Court. By agreement of counsel, the petition of T. Gertrude All was admitted in evidence. In her petition, among other things, she says: "That your petitioner is the daughter of one Giles Bowers, late of this county, who departed this life leaving his several children, including your petitioner, a sum of money in the hands of a trustee, from which fund your petitioner received the sum of $3,000, which constituted the entire estate which she received from her deceased father's estate. That her husband, the said Jones H. C. All, used the fund mentioned in a mercantile business in which he was engaged, and having failed in business, the said sum of money was absolutely lost to your petitioner. That on or about the 16th August, 1889, the action above, entitled Jones H. C. All, plaintiff, *vs.* C. M. Hiers, defendant, was commenced in this Court, and the said Jones H. C. All, plaintiff, entered into an agreement with your petitioner, by which

agreement your petitioner was to pay the expenses of the said litigation, and the fruits of the same should be applied to the reimbursement of your petitioner for the large sum of money due to her by her said husband, as hereinbefore mentioned. He, the said husband, being absolutely without means to defray the expenses thereof, and pursuant to said agreement, the said Jones H. C. All executed and delivered to your petitioner the instrument of writing, a copy of which is hereto annexed as a part of this petition, and marked exhibit A. That your petitioner fully complied with the conditions of the said agreement, and with her own money paid the expenses of this litigation until a judgment was rendered in the said case upon the verdict of a jury for the sum of $310.20, in favor of the plaintiff."

It will be observed that the assignment was made upon valuable consideration, a portion of which consisted of money advanced to her husband to enable him to prosecute the said action to judgment, out of which she expected to be reimbursed. It would be against good conscience and equity to deprive her now of the fruits of her financial assistance, without which perhaps the judgment would not have been recovered. Under such circumstances, the Court in the exercise of its equitable jurisdiction should not lend its aid, but leave the parties where it found them.

The Circuit Judge held that the assignment was also invalid on the ground that the agreement between All and his wife was champertous. In many respects, the husband and wife are still regarded as one in law. It would be against public policy for the Courts to hold that when a dutiful and confiding wife renders her husband financial aid in securing those rights accorded to him by law, she should be held to be guilty of champerty. We do not deem it necessary to cite authorities to sustain this ruling.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

MR. CHIEF JUSTICE POPE *concurs in the result.*