---
Hollehan vs. Roughan.
---

---

HOLLEHAN vs. ROUGHAN.

*December 16, 1884 — January 13, 1885.*

*(1) Amendment of pleading: Changing nature of action. (2) Sale of chattels: Fraudulent warranty: Note given for purchase price: Recovery by vendee.*

1. In an action to recover money paid for chattels sold under a fraudulent warranty, it appeared that the plaintiff had paid no money but had given his note for the purchase price. Pending a motion for nonsuit the trial court permitted the complaint to be amended so as to allege the giving of the note, instead of the payment of money, and the demand and refusal to return the same. *Held,* that the amendment changed the action from one on *contract* to one of *tort,* and was not permissible.

2. It appearing further that the note so given was past due and was still in the hands of the payee when the action was commenced, there could be no recovery even under the amended complaint. The note being void for fraud, the plaintiff could not be compelled to pay it nor be injured by it.

APPEAL from the Circuit Court for *Fond du Lac* County. The defendant appealed from a judgment in favor of the plaintiff. The facts will sufficiently appear from the opinion.

For the appellant there was a brief by *Spence & Hiner,* and oral argument by *Mr. Spence.*

Hollehan vs. Roughan.

For the respondent the cause was submitted on a brief signed by *F. F. Duffy*, attorney, and *Edw. S. Bragg*, of counsel.

Orton, J. The complaint was for money had and received, or for money paid by the plaintiff to the defendant for the purchase of a mare warranted and falsely represented to be sound, kind, and true, when in fact she was not. On the trial it was shown by the plaintiff that the consideration of said purchase was a promissory note given by the plaintiff to the defendant, or order, December 15, 1880, for $125, payable the first day of April, 1881, without interest. The note was produced by the defendant and offered in evidence by the plaintiff. The evidence on the main issue tended to show the fraud, as alleged, and the warranty and its breach; an offer by the plaintiff to return the animal and the defendant's refusal to receive her; and also his refusal to return the note on demand. Pending a motion of the defendant for a nonsuit at the close of the testimony, the plaintiff was allowed to amend his complaint (against objection by the defendant), in substance as follows: To allege the giving of the note, instead of the payment of $125; the demand for the return of the note, instead of for the payment of the money; and the refusal to return the note, instead of the refusal of payment of the $125. The allowance of this amendment was excepted to by the defendant, and this is the first alleged error to be considered.

This amendment entirely changed the action from one on contract, and in *assumpsit*, for money had and received, to one of tort or of trover, which is not allowable. The rescission of the contract of purchase on the ground of fraud is the foundation of the action. If the complaint had alleged the payment for the animal in specific personal property, when amended, or if the promissory note of the plaintiff could be treated as such, as it is only on this theory

that any action would lie to recover it or its value, the action would be trover, and nothing else. The contract is disaffirmed and rescinded, and the complaint does not allege any actual conversion of the note so that the tort could not be waived and suit be brought on the contract. The giving of a promissory note is not in any sense property sold and delivered. If the complaint had charged an actual conversion of the note by sale or assignment, the tort could have been waived, and the action still be in contract to recover the value by a liberal construction of the complaint; but the conversion is merely technical by refusal to deliver on demand, and the defendant has still the possession of the note. Only two actions could possibly lie in such a case, replevin or trover. Hilliard on Torts, 5, 500; Addison on Torts, §§ 466, 471, 491; *Robbins v. Packard*, 31 Vt. 570; *Kelty v. Owens*, 3 Pin. 372; *Ainsworth v. Bowen*, 9 Wis. 348; *Waters v. Van Winkle*, 3 N. J. Law, 424, *567. The allegation of a demand and refusal, and asking judgment for the value of the note as property, in the amendment, make the action one of trover. That such an amendment is not allowed, has been so often decided by this court that references are unnecessary. In *Supervisors v. Decker*, 34 Wis. 378, trover was not allowed to be converted into an action *ex contractu* by amendment; and in *Lane v. Cameron*, 38 Wis. 604, the action on contract was not allowed to be changed into trover.

In connection with this point, the more important questions have been submitted by the learned counsel on both sides, whether on the complaint as amended the plaintiff could recover anything; and if so, how much, on the evidence.

The note was past due, and was still in the hands of the defendant when the action was commenced, and on the trial the defendant produced it, and the plaintiff introduced it in evidence.

The verdict, under the instructions of the court, was for

the face of the note and interest. The note was shown to have been obtained by fraud, and was, therefore, absolutely void in the hands of the defendant, and in the hands of any one receiving it after due. When the action was commenced the plaintiff was not liable, and could not be compelled to pay it, and could not be injured by it. To ask judgment for the face value of the note is treating it as belonging to the defendant as a valid instrument unaffected by the fraud, and conceding his right to collect it of the plaintiff. This would be inconsistent with the grounds of the action, which are the fraud in the sale which rendered the whole contract void, and the rescission of it, and an offer to return the property and a demand of a return of the note. *Allegans contraria non est audiendus.*

Still another absurdity would be involved. The plaintiff could recover, in an action of trover in which a setoff or counterclaim could not be allowed, the face value of the note, and at the same time, or directly thereafter, the defendant could recover in another action of the plaintiff the same amount on the note. The paper, as a promissory note, is of no value whatever in the hands of the defendant after due, and it cannot be used to injure the plaintiff. Then how can any value be recovered for its non-delivery on demand, in an action of trover or in any other action? The note was not payment for the animal purchased; it was a mere promise to pay. *Van Ostrand v. Reed*, 1 Wend. 424; *Paine v. Voorhees*, 26 Wis. 522; *Aultman & Co. v. Jett*, 42 Wis. 488. If there was the payment of nothing, how can anything be recovered? It is a clear case of " fraud without damage."

In respect to the remedy, this note, void for fraud, is as a note paid. It may be said that the maker is entitled to its possession; if so, trover is not the remedy. Replevin or *detinue* may lie in such a case, but even that is questioned in *Todd v. Crookshanks*, 3 Johns. 431, and *Wain v. Bailey*, 10

Adol. & E. 618; Addison on Torts, § 490. In *Mathew v. Sherwell*, 2 Taunt. 439, an action of trover was brought by the assignee in bankruptcy against a creditor of the bankrupt, who received a check upon his bankers in part payment of his debt, and the check had been paid. The whole transaction was void as a fraud against the bankrupt law, and the check had no value, and a recovery was reversed on that ground. The question was asked by CHAMBRE, J.: "How can you sue for a piece of paper of no value?" *Wills v. Wells*, 2 Moore, 247, was an action of trover brought for a void policy of insurance. A verdict for two-pence was allowed to stand as the value of the parchment on which the policy was written, although Mr. Justice DALLAS thought it ought to be reduced, and Mr. Justice PARK thought the parchment was of no value whatever. It will scarcely be contended that the paper on which this note was written is of any value. We conclude, therefore, that even under the amended complaint the plaintiff had no right to recover. The plaintiff showed that he has a perfect defense to the note when any one seeks to recover upon it by action; and this remedy is ample. *Gregory v. Hart*, 7 Wis. 532; *Burhans v. Johnson*, 15 Wis. 286; Story on Prom. N. § 188.

By an oversight, interest was allowed upon the sum secured by the note, when the note itself bore no interest. That of itself would work a reversal of the judgment, even if the action could have been maintained. But we thought it our duty to pass upon all the questions raised, to save future costs and litigation.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.

LYON, J., took no part.