## DAVIS v. CORNWALL.

### SAME v. WAKELEE.

(Circuit Court of Appeals, Second Circuit. May 28, 1895.)

### Nos. 5 and 6.

ESTOPPEL—BANKRUPTCY PROCEEDINGS—JUDGMENT.

After one D. had been adjudged a bankrupt, C., one of his creditors, who had filed a proof of debt founded on promissory notes, obtained leave from the bankruptcy court to sue D. in a state court on the notes, and thereafter duly recovered judgment. Subsequently D. applied for his discharge, and C., having filed specifications in opposition thereto, moved to dismiss such specifications, and cancel C.'s proof of debt, on the ground that C. had recovered the judgment in the state court, and that the same was in full force. The motion was granted, and C. acquiesced in the decision. *Held*, that D. was estopped to set up his discharge in bankruptcy in a suit afterwards brought against him on the judgment. Davis v. Wakelee, 15 Sup. Ct. 555, followed.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by Pierre B. Cornwall against Erwin Davis upon a judgment recovered by the plaintiff against the defendant in a court of the state of California. The circuit court rendered judgment for the plaintiff. Defendant brings error. Affirmed.

See Wakelee v. Davis, 37 Fed. 280, 44 Fed. 532, and 48 Fed. 612; Id., 15 Sup. Ct. 555, and Cornwall v. Davis, 38 Fed. 878.

Logan, Clark & Demond, for plaintiff in error.
Anson Maltby, for defendants in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge.   This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury by the direction of the trial judge.   The action was brought upon a judgment recovered by the plaintiff against the defendant December 18, 1892, in the district court of the Fifteenth judicial district of the state of California.   The defense was that the defendant had duly obtained a discharge from all his debts, including the judgment, by a decree of the United States district court for the district of California in a proceeding in bankruptcy.

The ruling of the trial judge in directing a judgment for the plaintiff proceeded upon the theory that the defendant was estopped from asserting this defense by his conduct in the course of the bankruptcy proceeding.   The correctness of this ruling is the principal question presented by the assignments of error.

Whether the defendant was estopped depends upon the following facts:   It appeared that after the defendant had been adjudged a bankrupt the plaintiff, who was then a creditor of the defendant, and had filed a proof of debt founded upon various promissory notes made by the defendant, obtained leave of the court in the bankruptcy proceeding to sue and enforce his demands against the defendant in the courts of the state, and commenced a suit which resulted in the judgment upon which the present action was brought.   After the judgment had been rendered the defendant applied in the bankruptcy proceeding for a discharge from his debts, and the plaintiff filed specifications in opposition thereto, setting up the existence of various grounds disentitling the defendant to a discharge.   Thereupon the defendant applied to the court in the bankruptcy proceeding for an order dismissing the specifications of the plaintiff, and canceling the plaintiff's proof of debt.   This application was opposed by the plaintiff, but was granted by the court.   The petition on which the application was founded set forth as the only grounds the statement that after the plaintiff had proved his debt, and had obtained leave to commence an action in the state court, he commenced such an action in the Fifteenth judicial district court of the state of California, and recovered a judgment against the bankrupt, the defendant therein, and that said judgment still stood of record in the said court, and was in full force.   The plaintiff did not attempt to review the order by a petition of appeal, or otherwise, but acquiesced in the decision.

Inasmuch as the sole basis for the order of the court in the bankruptcy proceeding was the averment in the petition of the bankrupt that the plaintiff had recovered the present judgment, and that said judgment was in full force, it would seem obvious that the decision embodied in the order canceling the proof of debt and dismissing the specifications must have proceeded upon the ground that the plaintiff, because of his judgment, had no rights or interests to

protect in the bankrupt court. This conclusion could only have been reached upon the view that the plaintiff's judgment could not be affected by a discharge of the defendant in bankruptcy. Manifestly it was the purpose of the petition to induce this view, and the object was accomplished by it.

The ruling of the trial judge thus presents the question whether the defendant, after having obtained a decision in the bankruptcy proceeding precluding the plaintiff from contesting his right to a discharge upon the ground that the discharge could not affect the judgment, can be permitted, when sued upon the judgment, to deny what he then asserted, and impeach as erroneous the order which he procured the court to make, to the prejudice of the plaintiff, while retaining its benefit himself. We think this question is settled adversely to the defendant by the recent decision of the supreme court in Davis v. Wakelee, 15 Sup. Ct. 555. That was a suit in equity brought in the United States circuit court for the Southern district of New York by the assignee of Henry P. Wakelee, alleging that she was about to commence an action at law in that court to enforce a judgment recovered by her assignor against the defendant in a California court, and praying for a decree in aid of such action, adjudging the defendant to be estopped from asserting a defense that the judgment was void for want of jurisdiction of the person of the defendant by the court in which it was rendered, and from setting up his discharge in bankruptcy as a defense. The estoppel claimed was predicated of facts precisely similar to those in the present case, viz. the recovery of the judgment by Wakelee after defendant had been adjudicated a bankrupt, and after leave to sue had been granted in the bankruptcy proceeding; the application of the bankrupt for his discharge, and opposition thereto by Wakelee; the application by the defendant in the bankruptcy proceeding for an order canceling Wakelee's proof of debt, and dismissing his specifications opposing the discharge; and the granting of the order, and the acquiescence of Wakelee therein. The petition upon which the order was obtained was identical with that in the present case, except as to the name of the creditor, and the date and amount of the judgment. The circuit court sustained the bill, and made a decree restraining the defendant from asserting the invalidity of the judgment. That court, however, declined to decide whether the defendant was estopped from pleading his discharge; holding that the complainant could avail herself of any such estoppel in an action at law, and did not need the assistance of a court of equity. Upon an appeal by the defendant from this decree the supreme court was of the opinion that the defendant was estopped from claiming that the judgment of the California court was void for want of jurisdiction, and affirmed the decree of the circuit court. That court, after considering the question whether the complainant could resort to equity, or could get the benefit of the estoppel in the action at law, and expressing the opinion that the remedy at law was not so plain or clear as to oust a court of equity of jurisdiction, proceeded to discuss the case upon the merits, and used the following language:

"It may be laid down as a general proposition that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not, thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. * * * It is contrary to the first principles of justice that a man should obtain an advantage over his adversary by asserting and relying upon the validity of a judgment against himself, and, in a subsequent proceeding upon such judgment, claim that it was rendered without personal service upon him. Davis may possibly have been mistaken in his conclusion that the judgment was valid, but he is conclusively presumed to know the law, and cannot thus speculate upon his possible ignorance of it."

This decision is controlling, and renders any discussion of the question now before us superfluous. The appellant attempts to parry the force of the decision by urging that the case then before the court differed from the present case, inasmuch as the estoppel was based upon the defendant's false assertion of fact in the bankruptcy proceeding that the judgment was in full force. The court, however, did not consider the case upon the rules applicable to the common estoppel which springs from the misrepresentation of fact, but put its conclusions upon the salutary doctrine of estoppel, which prohibits parties from playing fast and loose with courts of justice. Indeed, all the statements in the petition which was the basis of the order in the bankruptcy proceedings were matters of legal conclusion; and the court was of the opinion that although the defendant, in making them, was under a mistaken view of the law, that circumstance could not shield him from the effect of an estoppel. The plaintiff, as well as the defendant, was bound to know the law, and, by conclusive presumption, could not have been misled by the defendant's statement that the judgment was in full force, when in fact it was a nullity, because of want of jurisdiction of the court which rendered it. He was prejudiced, not by any false statement of the defendant, but by the conduct of the defendant in procuring a disposition of his legal rights by a judicial tribunal to his disadvantage, and for the benefit of the defendant; and if he chose to acquiesce the defendant ought not to be permitted now, with the fruits of his conduct in his hands, to assert that what he then maintained was a delusion, and that the disposition made was wrong.

The assignments of error impugn the rulings of the trial judge in admitting in evidence the arguments made by counsel in the bankruptcy proceeding upon the application for the order canceling the plaintiff's proof of debt and dismissing the specifications. It may be that the statements made on that occasion by the counsel for the defendant ought not to be imputed to and used as the representations of the defendant to the court. However this may be, the arguments were admissible for the purpose of showing what question was before the court; and in any event the admission of the evidence was innocuous, because, as we have shown, it was obvious from the petition itself that the order proceeded upon the ground that the plaintiff's judgment could not be affected by a discharge of the defendant in bankruptcy, and the trial judge would have been justified in so ruling without looking further.

We conclude that there was no error in the rulings of the trial judge, and that the judgment should be affirmed.