### J. L. OWENS CO. v. OFFICER et al. (two cases).

#### (Circuit Court of Appeals, Eighth Circuit.   June 5, 1917.)

#### Nos. 4788, 4789

1. INJUNCTION ⬅️158—PRELIMINARY INJUNCTION—CONSTRUCTION AND SCOPE
    OF ORDER.
  A judgment defendant brought a suit in equity to establish its right
    to set off against the judgment a cross-claim on which a separate action
    was then pending.   It also moved for a preliminary injunction restrain-
    ing enforcement of the judgment until the action on the cross-claim should
    be determined, which motion was granted on condition that complainant
    pay a sum approximately equal to the difference between the amount of
    the judgment and of the cross-claim.   *Held*, that the order for injunction
    was solely for the purpose of preserving the status quo and was not an
    adjudication of the right of set-off.

2. INJUNCTION ⬅️158—PRELIMINARY INJUNCTION—CONSTRUCTION AND SCOPE
    OF ORDER.
  An order granting a preliminary injunction, when clear and unambigu-
    ous, cannot be narrowed nor broadened by the terms of the writ or
    supporting bond.

3. INJUNCTION ⬅️158—PRELIMINARY INJUNCTION—CONSTRUCTION OF ORDER.
  A preliminary injunction restraining enforcement of a judgment until
    the amount of complainant's recovery in a cross-action, which it desired
    to set off against the judgment, should be "definitely and finally adjudged,"
    remained in force after the rendition of judgment in the cross-action so
    long as the defendant therein had the right to have the same reviewed by
    motion for new trial or proceedings in error.

4. JUDGMENT ⬅️883(11)—SET-OFF OF JUDGMENTS—SUIT TO ENFORCE RIGHT OF
    SET-OFF—ISSUES.
  In a suit in equity to secure a set-off of judgments in actions at law, the
    judgments are immune from attack, and the court is without power to
    require a reduction of complainant's judgment as a condition to the grant-
    ing of the relief prayed for.

In Error to and Appeal from the District Court of the United States
for the District of Minnesota; Wilbur F. Booth, Judge.

Action at law by I. E. Officer and others against the J. L. Owens
Company.   To review an order entered on motion after judgment,
defendant brings error.   Suit in equity by the J. L. Owens Company
against I. E. Officer and others.   From an order entered on motion,
complainant appeals.   Reversed.

The writ of error and the appeal in these two cases, presenting the same
points for decision, have been by counsel and will by the court be treated to-
gether.   They are taken from identical rulings on identical motions filed by
the J. L. Owens Company, in Law, No. 338, I. E. Officer v. J. L. Owens Co.,
and in Equity, No. 64, J. L. Owens Co. v. I. E. Officer et al.   The motions had
sought to secure the recall of an execution issued on a judgment in favor of
the plaintiff in Law, No. 338, and the setting off of a judgment in favor of
the company in a third cause, Law, No. 351 (entitled J. L. Owens Co. v. I. E.
Officer), against the above judgment in No. 338.   The rulings allowed the
motions, but only upon condition that the company reduce the amount of its
judgment in No. 351 by $5,100.   This condition being unacceptable, the com-
pany brings the rulings here for review.

To understand the matters involved, it will be helpful to keep in mind the
sequence and to consider the proceedings in these three causes, giving par-
ticular attention to the above motions and rulings and also to the preliminary

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

injunction proceeding in Equity, No. 64. Law, No. 338, was an action for breach of contract by Officer against the company; Law, No. 351, was a suit by the company against Officer upon promissory notes executed by him to the company in connection with the above contract; Equity, No. 64, was a bill by the company against Officer and his counsel to secure set-off of judgments in the above two cases.

I. E. Officer contracted with J. L. Owens Company to represent it as an exclusive sales agent. To establish a credit against which he might order machinery, he deposited with that company his six promissory notes, aggregating $10,000, secured by five notes of $1,000 each owned by him. Claiming that this contract had been breached in several particulars, Officer sued the company in the United States District Court, that cause being Law, No. 338. Before this suit the company had realized on the above collateral notes for $5,000. The amount of damage prayed in No. 338 was $15,000. The three items of damage submitted by the court were: The above notes for $10,000 and interest, the above collateral notes for $5,000 and interest (less expense of realizing on them), and the loss of net profits under the contract. This last amount was claimed by Officer to be about $5,000. These three items, if all had been found in full, would have totaled more than $20,000, so that Officer, before submission of the case, asked leave to amend his petition by augmenting the prayer for damage to $25,000. This was denied. Verdict and judgment for $15,000. After judgment the court intimated that the amendment should have been allowed and that a new trial would be granted if asked by the plaintiff. Plaintiff preferred to hold his judgment, no such motion was filed by either party, and the judgment has become final. In the above suit the company declined to plead the notes for $10,000 as a counterclaim or to tender them before verdict in an effort to reduce damages.

The very day Officer secured the above judgment the company started in to reduce it by the principal and interest of the above notes for $10,000. It filed suit against Officer on these notes, asking recovery of principal and interest aggregating about $13,000. This suit was Law, No. 351. A few days later, November 13, 1915, the Company filed a motion in No. 338, praying that it might deposit in court the notes for $10,000 to be accepted by Officer and credited, principal and interest, upon his judgment, or, if he refused to so accept and credit them, then that the notes be retained in the custody of the court until No. 351 should be determined, and that any amount therein recovered be set off against the above judgment; execution in No. 338 meanwhile to be stayed upon proper conditions. This motion was denied without prejudice to the same matter being brought up in some other form.

Whereupon the company, on December 4, 1915, filed its bill in Equity, known as Eq. No. 64. This bill had in view the setting off of judgments in No. 338 and No. 351, and, to assure that result, the restraint of execution in No. 338 until the ascertainment of the amount of any judgment in No. 351. Two days later notice and application for order and order issued thereon in Eq. No. 64 to show cause why "an injunction shall not issue in said action restraining the enforcing and collection of the judgment obtained" in No. 338 "until the second action [No. 351] * * * shall have been tried and judgment entered, and why said last-named judgment when obtained shall not be offset against" the judgment in No. 338. The hearing under this order to show cause resulted (January 8, 1916) in the following order:

"Ordered: (1) That the Owens Company pay to defendant the difference between the amount now appearing to be due on the notes and the amount now accrued on the judgment. (2) That the Owens Company stipulate to put the case against Officer on the April term of this court for trial. (3) That the Owens Company put up a bond in the sum of $15,000, conditioned for the payment of the balance of the judgment in case the Owens Company does not secure judgment against Officer on the notes. Further ordered, that on compliance by the said Owens Company with the above-named conditions the injunction herein prayed for may issue."

The conditions of this order having been complied with by the company, the following writ of preliminary injunction issued on January 20, 1916:

"Whereas, under date of January 8, A. D. 1916, there was entered an order

by Judge Wilbur F. Booth in the above-entitled cause granting a preliminary injunction against the defendants herein, the issuance of which said injunction was conditioned upon the compliance by the plaintiff herein with three certain and specific conditions contained in the said order of January 8th; and whereas, each and every one of said conditions has been duly complied with: Now, therefore, know ye, that you, I. E. Officer, Benjamin Drake, N. E. Pardee, and P. L. Solether are hereby enjoined and restrained from causing an execution to be issued upon the judgment obtained on October 25, A. D. 1915, in the sum of fifteen thousand dollars ($15,000) in that certain action wherein I. E. Officer was plaintiff and the J. L. Owens Company, a corporation, was defendant, until the trial of the case of J. L. Owens Company, a corporation, against I. E. Officer shall have taken place, and the amount of plaintiff's recovery therein against said I. E. Officer shall have been definitely and finally adjudged."

The condition of the injunction bond approved by the court was:

"Now, therefore, the condition of the above obligation is such that the above-bounden J. L. Owens Company shall pay said judgment for $15,000 with costs and interest in case the said J. L. Owens Company shall recover nothing in its said action upon said promissory notes, or, in case said J. L. Owens Company recovers judgment on said notes, to pay to said I. E. Officer, his executors, administrators, or assigns, the unpaid balance on said judgment for $15,000, with interest and costs, after offsetting against said judgment for $15,000 any judgment that may be obtained by the said J. L. Owens Company against said I. E. Officer in its action upon said promissory notes, then this obligation shall be null and void, otherwise of force."

On January 20th the judgment in No. 338 was credited with $2,221, the amount paid under the above order.

On April 18, 1916, the company, through a directed verdict, obtained judgment in No. 351 for $13,291.08. Execution under this judgment was stayed until submission (June 10, 1916) of motion for new trial, which is yet under advisement. June 14, 1916, execution issued in No. 338 for full amount of judgment less above payment of $2,221. June 19th writ of execution served on company. The same day the company filed in No. 338 and Equity, No. 64, identical notices and motions, upon which the court that day issued its orders to show cause why the above execution should not be recalled, and why a set-off pro tanto of the judgments in No. 338 and No. 351, subject to the court's ruling on the motion for new trial in No. 351, should not be allowed. Upon hearing of these motions the court (July 6, 1916) entered in each of the two cases (omitting preliminary portions) the order following:

"Orders that said motion to offset the judgment in favor of J. L. Owens Company in case Law, No. 351, against the judgment entered in favor of I. E. Officer in case Law, No. 338, be and the same is hereby granted, on condition that said J. L. Owens Company shall, within ten days after receiving notice of the filing of this order, file its consent in writing with the clerk of this court that the judgment heretofore entered in favor of said J. L. Owens Company in said case Law, No. 351, be reduced by deducting therefrom the amount of fifty-one hundred dollars ($5,100). Ordered, further, that during said period of ten days hereinbefore mentioned, or until the further order of this court, the levy under the execution in case No. 338 shall be stayed. Ordered, further, upon failure of said J. L. Owens Company to file the consent above specified within the time above set forth, the present motion shall stand in all things denied. No costs will be allowed either party upon this motion."

After filing unsuccessful motions for amendment of these two orders, the company perfected this writ of error in No. 338 and this appeal in Equity, No. 64, from the above orders of July 6th and the denial of the applications to amend the same. These motions for amendment do not change the questions presented by the orders and decisive here; therefore the court will, for convenience, consider the matter as though upon the orders alone.

Francis B. Hart, of Minneapolis, Minn. (J. A. Mansfield and R. S. Jones, both of Minneapolis, Minn., on the brief), for plaintiff in error and appellant.

244 F.—4

Benjamin Drake, of Minneapolis, Minn. (Frank C. Brooks, N. E. Pardee, and P. L. Solether, all of Minneapolis, Minn., on the brief), for defendants in error and appellees.

Before CARLAND and STONE, Circuit Judges, and RINER, District Judge.

STONE, Circuit Judge (after stating the facts as above). [1] The contentions of the parties are somewhat complicated. They involve not only the proceedings immediately attacked, but also those of the above preliminary injunction in Equity, No. 64.

The company claims that the preliminary injunction proceedings in Equity, No. 64, constituted an adjudication of a right of set-off of the two judgments, with full settlement of the terms thereof, and also an order of preliminary injunction restraining execution in No. 338 until final determination of No. 351. Therefore the court, in ruling on the motions brought here, had no right to attach any additional conditions to the set-off of judgments, and it should also have recalled the execution because in violation of the injunction.

Officer, on the contrary, claims that there was no adjudication of set-off in Equity, No. 64, but simply an order for a preliminary injunction to continue in force only until entry of judgment in the trial court in No. 351, which was on April 18, 1916. That even if the preliminary injunction be regarded as in force after April 18, 1916, the ruling upon the motion last filed in Equity, No. 64, constituted a final determination of the only question on the merits present in that case, and into it was merged and absorbed this preliminary order of injunction. That the determination of the motions in No. 338 and Equity, No. 64, was the first and a complete adjudication of the matter of set-off.

It is therefore necessary to determine the scope of the order resulting in the preliminary injunction in Equity, No. 64, and afterwards the propriety of the orders involved here.

Equity, No. 64, had as its aim the acquisition of a right of set-off of any judgment which might be obtained in No. 351 against the existing judgment in No. 338. A set-off of judgments presupposed a payment of any balance of one judgment over the other. Here it was definitely known to all parties that the judgment in No. 338 would exceed any possible recovery in No. 351 by more than $2,000, and the company did not seek to prevent or delay the payment of the recognized balance. But the set-off it sought would be defeated unless execution in No. 338 for an amount sufficient to cover its hoped-for judgment in No. 351 could be prevented. Therefore the ancillary relief of a temporary order restraining execution in No. 338 until the amount, if any, of the judgment in No. 351 could be settled was vitally necessary. This was sought by the motion for a preliminary injunction filed in the equity suit. This motion also asked the rather unusual thing that the only other point in the entire bill—the whole merits of the controversy in the equity suit, the matter of set-off of judgments—be determined in this preliminary proceeding.

In our judgment, the order of January 8, 1916, was for a preliminary injunction pure and simple. This injunction was granted

upon conditions just and protective to both parties, with the object of maintaining the status quo until the amount of the judgment in No. 351 could be ascertained. There was no ruling at that time upon the merits of the case. We do not believe the trial court, if it had intended in that order to pass on the merits of the entire case, would have done so solely by faint inference in its statement of the conditions upon which immediate ancillary relief would be granted. It was natural and proper that the court, in considering the conditions upon which it would order the preliminary injunction, should have in mind and provide for the protection of both parties until its final decision on the merits. This it did and no more.

What has just been said as to the character of this order must have been the view which counsel for the company took. Otherwise it is not clear why five months later, when the execution in No. 338 was issued and they endeavored to have it recalled, they sought to have this very matter of set-off adjudicated. If it had been finally determined in their favor in a court term then passed without appeal, why should they seek to open it again and ask for its entire readjudication? But this they did, for in the notices of the filing of the motions to recall this execution the objects of the motions are stated to be the recall of the execution, the taxation of the costs thereof, and the granting of "an order offsetting that certain judgment had and obtained in said court on the 18th day of April, 1916, in favor of J. L. Owens Company and against said I. E. Officer, in the sum of thirteen thousand two hundred ninety-one and $^8/_{100}$ dollars ($13,291.08), against the judgment rendered in court docket No. 338 in favor of said Officer." And such motions, after ten paragraphs of recital including no suggestion that the matter of set-off had already been anywhere adjudicated, pray for an order to show cause why the execution should not be recalled, and "also that said parties be required to show cause, if any there be, why the judgment obtained by the J. L. Owens Company against said I. E. Officer on April 18, 1916, in the sum of thirteen thousand two hundred ninety-one and $^8/_{100}$ ($13,291.08) dollars and costs to be taxed therein in the sum of twenty ($20.00) dollars statutory costs and clerk's fees, shall not be set off against the judgment rendered October 25, 1916, in favor of said Officer pro tanto, and that said J. L. Owens Company be required to pay no other or greater sum, if any such there be, than the deficiency existing after this said judgment shall have been so offset, and that the court shall make an appropriate order whenever final judgment shall be arrived at in Case No. 351, J. L. Owens Company v. I. E. Officer, making such offset, and that the writ of injunction be declared in full force and effect until the final determination of the litigation between said parties, as also for such other relief as equity may direct."

[2] Counsel have called attention to the terms of the writ of preliminary injunction and of the supporting bond in this connection. The writ and bond cannot narrow or broaden the application of the order upon which they are based. If the order was doubtful or ambiguous, a consideration of the writ and bond would be allowable and

helpful in ascertaining its undisclosed boundaries, but here the order is clear.

[3] Having defined the character of the order of January 8, 1916, as purely injunctive, the next inquiry regarding it is as to the termination of the restraint of that writ. Officer contends that it terminated when judgment was entered April 18, 1916, in the trial court in No. 351; the company, that it continued until any judgment secured in No. 351 should become final and fixed. We think the latter correct. The terms of the order permit that interpretation, and any other construction would place the court in the position of doing a fruitless thing. The sole object of the injunction was to prevent an execution in No. 338 until any judgment procured in No. 351 could, if the court should so decide, be used as a set-off. Unless the company procured a judgment there would be nothing to set off, and if it should do so Officer could thereafter long keep such a judgment uncertain by motion for new trial and later by writ of error. The futility, as a protection to the company, of an injunction which died when the trial court judgment might be entered, is evident. The court intended and ordered that the injunction should continue until the judgment in No. 351 was final. We think, therefore, that the issue of the execution in No. 338 was improvident and in direct opposition to the existing order of injunction.

Up to this time the company had made two unsuccessful attempts to secure rulings on the matter of set-off of judgments—once by motion in No. 338, which was denied without prejudice to renewal in some other form, and again in connection with its application for a preliminary injunction in Equity, No. 64, when the court had confined its ruling to the matter properly then in hand, to wit, the issuance of the preliminary writ. Now the proposition of set-off was again presented to the court in connection with these motions filed in No. 338 and Equity, No. 64, to recall the execution. Omitting the prayers regarding costs and for general relief, these motions presented two questions—the recall of the execution and the set-off of the judgments. The court in its rulings fairly passes upon both propositions. The substance of the orders was that the set-off would be allowed and the execution recalled on condition that the company reduce its judgment in No. 351 by $5,100; otherwise the entire motion would be denied.

[4] As set out above, we believe that that part of the orders denying recall of the execution was error, because execution was then under the restraint of the preliminary injunction issued in Equity, No. 64. As to the proposition of set-off also, we think the orders were erroneous. A proceeding to set off judgments is no place to adjudicate the rights of the parties as involved in the cases resulting in those judgments. So far as the set-off proceeding is concerned, the judgments come to it immune from attack, and as having foreclosed and finally settled the issues which gave rise to them. A very extensive examination of the authorities has failed to discover an exception to this rule. Such search reveals no attempt in any order of set-off to impose conditions which would affect the amount of either judgment. The only instance in which the full amount of a judgment

has not been used is where some portion of it has been assigned under circumstances which gave the assignment precedence over the set-off. Ex parte Wells, 43 S. C. 477, 21 S. E. 334; Hroch v. Aultman & Taylor Co., 3 S. D. 477, 54 N. W. 269; Burns v. Thornburgh, 3 Watts (Pa.) 78. In none of these cases was the integrity of the judgment questioned, but rights of third parties had attached to portions of those judgments—rights which desired the validity of the judgments to remain unassaulted. The present litigation well illustrates why there should be no departure from the rule. Here the trial court in requiring the reduction of the judgment secured by the company against Officer in No. 351 was evidently striving to rectify what it regarded as an unjust deficiency in the amount of the judgment for Officer in No. 338, caused by the denial of the request to amend the petition through augmentation of the damage prayed. If such denial was error, it was error in that case and should have been corrected therein. That it was not so corrected was no fault of the trial court, which intimated that it would grant plaintiff a new trial because of this ruling, but it was the fault of the plaintiff, who, by declining to file a motion for new trial, refused to give the court an opportunity for such correction. The issues in that case were in law and for a jury and were tried by a jury. Each party had a right to a jury trial. Besides, there was a completed adjudication in that case which so far accorded with the desires of both parties that neither filed a motion for new trial. All matters properly within the issues and judgment of that case have become res adjudicata for all time and for all purposes between the parties to that suit, and cannot be again raised by them before the chancellor or the judge exercising (as in a motion for set-off) a power in its nature equitable.

For the reasons above given, our conclusion is that the orders brought here should not have been made. Therefore they are reversed, with instructions to deny the motion in the equity case, No. 64; to deny so much of the motion in law case, No. 338, as prays a set-off of judgments; and to allow so much of that motion as prays a recall of the execution, the costs of the execution to be taxed against Officer, the plaintiff therein. All without prejudice to either party taking any proper steps to present the matter of set-off of judgments after any judgment in law case, No. 351, has become final.