OFFICER v. J. L. OWENS CO.

(Circuit Court of Appeals, Eighth Circuit. September 2, 1918.)

No. 5082.

1. JUDGMENT ⬦➡713(2)—MATTERS WHICH MIGHT HAVE BEEN LITIGATED.

Where a second action is based upon a different cause of action, but between the same parties, the judgment in the former operates as an estoppel in the latter as to every point or question which was actually litigated in the first action, but is not conclusive relative to other matters which might have been, but were not, decided.

2. JUDGMENT ⬦➡585(4)—DEFENSIVE MATTER AS CAUSE OF ACTION.

Where defendant had in a previous action recovered against plaintiff, the holder of his notes, for plaintiff's breach of contract, and the court submitted as an element of damage defendant's liability on the outstanding notes. held that, in an action on such notes, defendant was estopped by the judgment from setting up the want of consideration.

3. ESTOPPEL ⬦➡68(2)—EQUITABLE ESTOPPEL—QUASI ESTOPPEL.

A party who, by act or by silence when he ought to speak out during the trial of an action, takes and holds a pecuniary advantage over his adversary, either by enhancing his recovery or maintaining his defense on one theory of law or fact, raises a quasi estoppel against himself from securing a recovery or maintaining a defense to his advantage, etc., upon an inconsistent theory in a litigation of the same issue between the same parties in a subsequent proceeding.

4. ESTOPPEL ⬦➡91(1)—EQUITABLE ESTOPPEL—WHAT CONSTITUTES.

Where defendant in a previous action against plaintiff, the holder of his notes, recovered judgment for plaintiff's breach of contract, and one of the elements of damage submitted was defendant's liability on the outstanding notes, held, that defendant's collection of a part of the judgment, etc., raised an equitable estoppel, which precluded him from defending an action on the notes on the ground of want of consideration.

5. JUDGMENT ☞617—DEFENSES CONCLUDED.

.The estoppel of a judgment or a quasi estoppel arising from the conduct of a party to litigation is as applicable to defensive matter as to matter by way of recoupment, set-off, or counterclaim.

6. ESTOPPEL ☞68(2)—EQUITABLE ESTOPPEL—QUASI ESTOPPEL.

Where defendant in a previous action recovered against plaintiff, the holder of his notes, for breach of contract, and the question of defendant's liability on the notes was submitted as an element of damage, *held*, that defendant cannot escape the quasi estoppel on the ground that the court erred in the submission, and in refusing to allow defendant to increase the amount of his prayer for damages, etc.

7. ESTOPPEL ☞68(2)—EQUITABLE ESTOPPEL—QUASI ESTOPPEL.

Where in a previous action against plaintiff, the holder of his notes, defendant recovered for breach of contract, *held*, that the quasi estoppel which precluded defendant from asserting the want of consideration for the notes in a subsequent action could not be avoided on the ground that there was no mutuality.

In Error to the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Action by the J. L. Owens Company against I. E. Officer. Judgment for plaintiff, and defendant brings error. Affirmed.

P. L. Solether, of Minneapolis, Minn. (Benjamin Drake, of Minneapolis, Minn., on the brief), for plaintiff in error.

Francis B. Hart, of Minneapolis, Minn. (J. A. Mansfield, of Minneapolis, Minn., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. This writ of error assails a judgment upon a directed verdict in favor of the plaintiff below, J. L. Owens Company, a corporation, against the defendant, I. E. Officer, on the ground that he was estopped by the proceedings and judgment in a prior action between these parties, which involved the crucial issues in this case, from maintaining the defense he pleaded.

The basis of this action is six promissory notes, aggregating $10,-000, which the company alleged that Officer made and delivered to it for value received, but which he has never paid. The defense of Officer is that there was never any consideration for the notes, and that the consideration failed, in that the consideration was the performance by the Owens Company of its covenants in a contract between it and Officer, made on March 8, 1912, at the same time he made and delivered the notes, and that the company failed to perform these covenants. In his answer, however, he not only pleaded this defense, but he also pleaded that there was another action pending in the court below between the same parties as this action and for the same cause, which he commenced on June 5, 1915. That action was No. 338 in the court below, and it was an action by Officer against the company for damages for the breach of its covenants in the contract of March 8, 1912, in many respects, on account of which he asked and recovered a judgment for $15,000. The action here under consideration was

No. 351 in the court below. In his answer in this No. 351 Officer also set forth the various breaches of its covenants by the Owens Company which he had alleged in No. 338, averred that he was damaged thereby in the sum of $30,000, prayed that this action No. 351 abate until No. 338 should be finally determined, and that the plaintiff take nothing by this action. The Owens Company alleged in its reply that in the action No. 338 Officer had pleaded in his complaint as breaches of the contract by the Owens Company all the matters alleged in his answer in this No. 351, that No. 338 had been tried, that all the matters and things set out and alleged in Officer's answer in this case, and the specific damages he had averred were sustained by him by reason of any breaches of the contract, had been tried, adjudicated, and determined in that action. The company then denied each and every allegation in the answer not thereinbefore admitted, qualified, or explained.

At the trial of this case the Owens Company introduced in evidence the six promissory notes and rested. Officer introduced evidence tending to sustain the averments of his answer. He then admitted in open court that all the allegations of facts in the reply were true. The Owens Company introduced the judgment roll in No. 338 and the charge of the court to the jury in that case, which disclosed these facts: Officer alleged in his complaint for damages in that case that at the time the contract was made he executed and delivered to the company his promissory notes for the $10,000, and as collateral security therefor certain promissory notes and mortgages made by a telephone company; that he received no consideration for any of them, and that the consideration for them failed; that the company failed and refused to perform any part of the agreement of March 8, 1912, to his damage in several ways; that he had demanded a return of all the notes and mortgages and the company had refused to deliver any of them; and he prayed for a judgment of $15,000. In its answer to that complaint the company denied that the notes were without consideration, and denied that the consideration therefor had failed. It denied that it had failed to perform its part of the agreement, and denied or explained the averments of breaches and damages set forth in Officer's complaint. At the close of the company's evidence at the trial in case No. 338 on a Saturday the court informed counsel for the parties what he intended to charge the jury, and that he should instruct them that, if they found that the Owens Company had committed such a breach or such breaches of the contract that Officer was justified in abandoning it, one item of damages which Officer would be entitled to receive by their verdict would be $10,000, and interest from August 8, 1912, on account of his liability on his outstanding notes for $10,000, and the court subsequently so charged. On the subsequent Monday after this announcement the trial continued. The plaintiff moved to amend the prayer of his complaint to ask a recovery of $25,000, instead of $15,000; but the court denied that motion, charged the jury as he had declared he would, instructed them on the other issues in the case, and that they could not render a lawful verdict for more than $15,000, because that was all the plaintiff asked in his complaint and they returned a verdict for Officer for that amount. After the verdict, and

before the judgment, several motions were made in the case. At the hearing on these motions the court stated that, if counsel for either party would make a motion for a new trial, he would grant it, although he knew of no error in the trial, except possibly his failure. to allow Officer's motion to increase the amont he prayed for in his complaint; but counsel for each party declined to make such a motion. Thereupon the judgment for $15,000 in favor of Officer in No. 338 was rendered.

When the facts just stated had been proved in the case now in hand, and the parties had closed their evidence, the court directed the jury to return a verdict for the Owens Company on the ground that Officer was estopped by the proceedings in case No. 338 from maintaining its only defense in this action, to wit, that the notes for $10,000 were without consideration, and that the consideration therefor had failed, and judgment accordingly was rendered.

Counsel for Mr. Officer opened their argument for a reversal of this judgment with the contention that the evidence in this action conclusively proved that there never was any consideration for the notes for $10,000, and that the consideration therefor failed, and that, if this position is untenable, there was some evidence to that effect, and therefore the court should have submitted the question of consideration to the jury. But, if the court below was right in its conclusion that Officer was estopped from maintaining his claim of want and failure of consideration by the proceedings in case No. 338, the question whether or not there was any substantial evidence in support of that claim in this case is immaterial, and may be here dismissed.

[1, 2] Their second proposition is that as this action, though between the same parties, is not upon the same cause of action as No. 338, the proceedings and judgment in that action work no estoppel against Officer's litigation of the question of consideration vel non in this action; but the rule is that where the second action is upon a different cause of action, but between the same parties as the first, or their privies, the judgment or decree in the former operates as an estoppel in the latter as to every point or question which was actually litigated and determined in the first action, but it is not conclusive relative to other matters which might have been but were not litigated or decided. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Union Central Life Ins. Co. v. Drake, 214 Fed. 536, 542, 131 C. C. A. 82, 88.

Officer pleaded in No. 338 that the notes were without consideration and that their consideration had failed, and the Owens Company alleged in its answer to that complaint that the notes for the $10,000 were the $10,000 mentioned in paragraph 1 of the contract of March 8, 1912. That paragraph reads:

"Now, therefore, in consideration of the mutual promises herein contained, and in consideration of the payment of $10,000 by the party of the second part to the party of the first part, as evidenced by notes for said amount secured upon collateral, as hereinafter provided, the parties hereto have agreed as follows."

Then follow the various covenants of the parties, from which it appears that these notes for $10,000 and the collateral notes to secure them were given to establish a credit and to pay for goods to be sold by the company to Officer as its sales agent, goods which he alleged in his complaint in No. 338 he never received. The contract was an exhibit to the pleadings, and it was strong and persuasive evidence, not only that the notes were the consideration for the contract, but that the covenants of the company therein to appoint Officer its exclusive sales agent in the territory specified and to perform the other acts it agreed to do were the consideration for the notes, and a thoughtful reading of the contract leaves no doubt that, if those notes and the collateral notes which secured them had not been given, those covenants would never have been made, and no damages for their breach would ever have accrued to, or been recovered by, Officer. If, the day after the contract was signed and the notes for $10,000 were delivered, or at any other time before either party had committed a breach of the covenants therein, an action had been brought by Officer to avoid or recover the notes on the ground of a lack or failure of consideration for them, the fact that the Owens Company had made the covenants in the agreement would have been an irrefutable and fatal answer to it, and this demonstrates the fact that there was other consideration for them than the performance of one or more of · the covenants in the making of the covenants themselves.

The court charged the jury in No. 338, in view of the pleadings and the contract, which are before us, and the evidence in that case, which is not before us, that Officer never received any of the goods which the contract provided he might buy, and have credit for the payment of the purchase price of, on account of the notes for $10,000, and the collaterals he gave, that he might recover the value of the collaterals, and "that his promissory notes to the amount of $10,000 are still outstanding and constitute a liability against him; therefore one item of damage that the plaintiff would be entitled to would be $10,000, with interest thereon since August 8, 1912, to date." There is only one ground on which the court could have given that charge, and that is that, notwithstanding the facts that the goods had not been delivered by the company and there had been breaches of some of its other covenants, there was a valuable consideration for the notes in the making by the company of its covenants, and that that consideration had not failed. If it had determined that there was no consideration for the notes, or that the consideration therefor had failed, the notes would have been void in the hands of the company, and there was evidence in this case that there was no evidence in No. 338 that the notes have ever been indorsed or transferred, Officer would not have been liable upon them, and the court would not have instructed the jury that he was so liable, or that he was entitled to more than $10,000, on account of that liability. The result is that the record has convinced us that the issues, whether or not there was any consideration for the notes for $10,000, and whether or not the consideration therefor failed, were made by the pleadings, presented to the court for determination by

the pleadings and the evidence, decided by the instructions to the jury recited, and adjudged by the former action No. 338, and that this adjudication estopped Officer from again litigating those issues in this action.

[3, 4] There is another reason why he may not defeat the enforcement of his liability upon these notes, and that is that he has obtained and has collected a part of a judgment against the Company for damages allowed to him in No. 338 on the express ground that he is liable to pay the notes for $10,000 and interest. His acceptance of the benefit of the first judgment raises a quasi estoppel against him from asserting in this action that he is not liable. J. L. Owens Co. v. Officer, 244 Fed. 47, 48, 53, 156 C. C. A. 475. A party who by act or by silence when he ought to speak out during the trial of an action takes and holds a pecuniary advantage over his adversary, either by enhancing his recovery or by maintaining his defense on one theory of law or of fact, raises a quasi estoppel against himself from securing a recovery or maintaining a defense to his advantage, or to the disadvantage of his adversary, upon the opposite or an inconsistent theory in a litigation of the same issue between the same parties in a subsequent proceeding. Davis v. Wakelee, 156 U. S. 680, 685, 689, 690, 691, 15 Sup. Ct. 555, 39 L. Ed. 578; Phila., Wab. & B. R. R. v. Howard, 13 How. 307, 332, 333, 336, 337, 14 L. Ed. 157; Davis v. Cornwall, 68 Fed. 522, 524, 15 C. C. A. 559; Michels v. Olmsted, 157 U. S. 198, 201, 15 Sup. Ct. 580, 39 L. Ed. 671; Smith v. Boston Elev. Ry. Co., 184 Fed. 389, 106 C. C. A. 497, 37 L. R. A. (N. S.) 429; Kansas Union Ins. Co. v. Burman, 141 Fed. 835, 842, 73 C. C. A. 69; 1 Herman on Estoppel, 535; 16 Cyc. 799, 800; 11 Amer. Enc. (2d Ed.) 466, 449. These conclusions have not been reached without a deliberate consideration of the many arguments and authorities presented by counsel for Mr. Officer in opposition thereto, but those arguments and authorities have either proved inapplicable or have failed to overcome the reasons in support of the conclusions reached.

[5] Counsel say that their claim of lack and failure of consideration is purely defensive matter, but the estoppel and quasi estoppel are as fatal to defensive matter as to matter by way of recoupment, set-off, or counterclaim, as is well demonstrated by the opinion in Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578, supra. They cite, in support of their claim that Officer's recovery of damages for the company's breach of the contract was not such an election of remedies as estopped him from asserting his defense to the notes in this action. Hollehan v. Roughan, 62 Wis. 64, 22 N. W. 163; Barmon v. Lithauer, 43 N. Y. 317; Smith v. Carlson, 36 Minn. 220, 30 N. W. 761; Vogel v. Osborne, 34 Minn. 454, 26 N. W. 453. If that proposition be granted, it is not inconsistent with the propositions on which the estoppel and quasi estoppel in this case rest, to wit, that a material issue tried and adjudged in one action estopped each of the parties to it from again litigating that issue or avoiding that adjudication in a subsequent action by the same parties and that the securing and holding by a maker of a note of a judgment for damages for breach of contract on the ground that he is liable to

the defendant on his note issued as a consideration for the contract raises a quasi estoppel against him from defeating on the ground that he is not liable on the note a subsequent action against him upon it by the judgment debtor in the first action.

Nor is there anything inconsistent with these propositions in the decisions cited. In none of them did these propositions arise or were they considered. For example, in Holleban v. Roughan, 62 Wis. 64, 22 N. W. 163, the plaintiff was induced by fraud to buy a warranted horse and to give his note for $125 for it. He tendered the return of the horse and demanded the return of the note and then sought to recover the face value of the note, for the failure to return it. The court held that as the proof was that the note was past due and in the hands of the vendor, and that it was void for the fraud proved, the maker could not recover, because the note was of no value and could not be used to injure him; but there is nothing in that case relative to the issue here. There the maker of the note rescinded the contract for fraud, and sued to recover the face value of his note because the defendant failed to return it, and thus to complete the rescission. In the case at bar Officer affirmed the contract, brought his action for its breach, and recovered damages on the ground that he was liable to pay $10,000 and interest on his notes, and now he seeks to defeat a recovery on them on the ground that he is not liable to pay anything upon them. The other cases just cited are as far afield as Holleban v. Roughan.

[6] Other contentions of Mr. Officer's counsel are: (1) That the question of consideration for the notes for $10,000 was not tried nor adjudged in No. 338, but the reasons for the opposite conclusion have been stated and have prevailed; (2) that in submitting No. 338 to the jury the court failed to notice that the notes for $10,000 were past due and were in the hands of the company, and so erred in its charge that Officer was liable to pay them, and that they should allow a recovery of damages to the amount of $10,000, and interest on that account, and that it also erred in denying the motion of Officer to increase the amount he prayed for in his complaint. If so, all that is immaterial in this action now. J. L. Owens Company v. Officer, 244 Fed. 47, 53, 156 C. C. A. 475. If there was error in those respects in the trial of No. 338, counsel could have corrected them in that case; but it cannot do so in this. They were notified on the Saturday before the Monday when the court charged the jury that it would instruct them that, if they found for Mr. Officer, they should allow him $10,000 and interest as damages on account of his liability on the notes. At any time before the court charged the jury on the following Monday they could have renounced all claim for those damages, and could have requested the court to instruct the jury not to give any damages on that account, and the court without doubt would have granted their request. They took no such action, but moved to amend their complaint to increase the amount for which they prayed, so that they might be sure to recover the full $10,000 and interest, and, when that motion was denied, accepted and insisted upon holding their judgment for $15,000; and while the record is such that it is impossible to tell what part of that judgment is due to damages on account of Officer's

liability on the notes, it leaves no doubt that a very large part of it was on that account.

If there was error in the ruling of the court denying the motion to permit the amendment to increase the amount for which Officer prayed, his counsel might have corrected that error by accepting the offer, which was made after the verdict, of counsel for the Owens Company to consent to, and of the court to make, an order for a new trial. But counsel for Officer, perhaps wisely, declined the offer, took their judgment for the $15,000, and insisted upon holding it, and Officer is now estopped by their acceptance and their silence from maintaining that there was any want or failure of consideration for the notes, or that he has not recovered all his damages for his liability upon them. If, after the rendition of the judgment in No. 338, he had brought another action for more damages on account of his liability on the notes for $10,000, on the ground that he did not recover enough in his first action, the fatal answer would have been that the judgment in No. 338 was a conclusive adjudication that he did recover full damages on that account, that that issue was res judicata, and that answer is as fatal to the defense in this action as it would have been in that.

Counsel cite cases in support of the position that parties are not always estopped in second suits between them upon a different cause of action by rulings on the law or reasons given by the court therefor in the first suit; and this is conceded. But neither this position nor the citations rule the case at bar, and neither persuasive reason nor applicable authority has been found to overthrow the estoppels which the facts and the law of this case establish.

[7] It is contended that, since estoppels are mutual, there can be no estoppels here, because, if there had been a verdict for the Owens Company in No. 338, Officer could not have invoked that judgment as an estoppel of the Owens Company from maintaining its action on the notes; but that is so because in that case the record of the proceedings and the supposed judgment would not have shown that it was founded on a decision of court or jury that there was no consideration for the notes. It would not have shown that it might not have been rendered on the ground that the Owens Company never committed any breach of the contract. In the case in hand, however, the record of the proceedings in No. 338 discloses the fact that the judgment in that case rests on the decision by the court and jury that there was no fatal want or failure of consideration for the notes, and if at the close of the evidence in No. 338 the court had notified counsel that it would instruct the jury that there was such a lack or failure of consideration, and that for that reason there could be no recovery of damages against that company, and if it had subsequently so instructed, and the Owens Company had accepted the instruction, and a verdict on that ground, without objection or request, and the record had disclosed the fact that the verdict was caused by that issue and instruction, the Owens Company unavoidably would have been estopped from thereafter maintaining an action on the notes, on the theory that there was a valid consideration for them.

Finally, complaint is made that the question of consideration vel non,

was not in issue, was not litigated, was not certain, and was not necessarily tried and adjudged. But the pleadings and proceedings at the trial and thereafter, recited in the earlier part of this opinion, satisfy that these complaints are not well founded.

The judgment below must therefore be affirmed; and it is so ordered.